JUDGE COEER
delivered the opinion oe the court.
The appellant recovered a judgment in the Woodford Quarterly Court against one MeCown for $100 and interest and the costs of suit. Execution issued on the judgment, directed to the sheriff of Woodford County, which was replevied by MeCown, with the appellee Bohon as his surety. After maturity of the bond execution issued thereon and was returned “no property found.” The appellant then filed his petition in equity in the quarterly court under section 474 of the Civil Code, and sued out an attachment and had a debtor of the appellee Bohon summoned as garnishee. The amount of the replevin bond was $120, and Bohon demurred to the jurisdiction of the court, and his demurrer was sustained and the petition dismissed.
The appellant then instituted suit in the Woodford Circuit Court to obtain the same remedy he had sought in the quarterly court, and Bohon demurred to the jurisdiction of that court, but his demurrer was overruled; and a garnishee having paid into court a sum sufficient to satisfy the debt, it was, by order of the court, paid over to the appellant. Bohon then prosecuted an appeal to this court, and the judgment was reversed on the ground that the circuit court had no jurisdiction. After the mandate was entered in the circuit court Bohon asked and obtained a rule against the appellant to make restitution of the money paid to him under the judgment, or show cause why he should not do so. In response to the rule the appellant set up the foregoing facts, and alleged that MeCown was a non-resident, that Bohon was insolvent, and that the replevy bond was still unsatisfied, and asked to be permitted to retain the money in satisfaction thereof. The response was held to be insufficient, and the rule was made absolute at the June term, 1875; and at the succeeding January term, the money not having been paid as required by the rule, a judgment was rendered for the amount and an execution was awarded; and *450 the appellant, by one of these appeals, seeks the reversal of the order of June, 1875, and the judgment rendered in January, 1876.
In November, 1875, the appellant brought a suit in equity, in which he set up the same facts contained in his response to the rule in the first case, and prayed for a perpetual injunction of the order making absolute the rule to repay the money, and for all proper relief. To the latter petition a demurrer was sustained, and an appeal is prosecuted from that judgment also.
It seems to us that the demurrer to the response was properly sustained and that the rule was properly made absolute. The circuit court had n6 jurisdiction of the subject-matter of the suit, the rule being that when a suit under section 474 is brought in the county where the judgment sought to be enforced was rendered it must be brought in the court from which the execution returned nulla bona was issued, but if brought in any other county, it may be brought in any court of such county having jurisdiction of the amount. As therefoi’e the "Woodfoz’d Circuit Couz-t had no jui’isdiction of the subject-znatter of the suit, all it could do in that case was to place the parties in statu quo. (Morgan v. Hart) 9 B. Mon. 80.)
But having rendered a judgment for the amountwhich it had improperly adjudged and compelled Bohon to pay, the court had done all that was required by the mandate of this court, and all that Bohon had a z-ight to ask, and that judgment stood just as any other judgmezzt between the same parties, azzd was unaffected by the peculiar facts out of which it originated. Bohon had a jzzdgznent for the znoney improperly paid to the appellant, and the litigatiozi in that suit was ended. That beizzg the case, whezz the appellant brought his suit to ezzjoizz the judgment the parties stood precisely as if the judgment in the circuit court had beezz rendered upon aziy other demand. Bohon had a judgznent in the ciz*cuit court against the appellazit, and the appellant had a judgmezzt (the replevy *451 bond) against Bohon in the quarterly court, and on the facts stated in the petition the appellant had a right, under the provisions of section 407 of the Civil Code, to set off his judgment in the quarterly court against Bohon’s judgment against him in the circuit court; and although he did not pray for that specific relief, he was entitled to it on the facts stated and his prayer for general relief, unless there is some defense to the judgment in the quarterly court which does not appear on the face of the petition.
The order making the rule absolute and the subsequent judgment for the amount are affirmed, but the judgment dismissing the petition for injunction is reversed, and that cause is remanded with directions to overrule the demurrer, and for further proper proceedings.