Hays, &c., v. Griffith.

CASE 51—PETITION EQUITY—MARCH 17.

# Hays, &c., v. Griffith.

### APPEAL FROM MASON CIRCUIT COURT.

1. JUDICIAL SALES—REVERSAL OF JUDGMENT—RESTITUTION.—Where real estate has been sold, and the title passed to the purchaser under a judgment subsequently reversed, in a proceeding by the defendant to recover damages of those who procured the erroneous judgment, the measure of recovery is the value of the property *at the time of the sale*, with interest, or, where the property was improperly placed in the hands of a receiver prior to the sale, with reasonable rents up to the time the purchaser obtained possession, and then with interest from that time together with the ordinary costs of the litigation.

2. SAME.—Creditors, in an action instituted by them for that purpose, obtained a judgment determining that a mortgage executed by their debtor operated as an assignment for the benefit of creditors, and ordering a sale of the property to pay debts. After the property had been sold, and a part of the proceeds distributed to creditors, the judgment under which the sale was made was reversed. In this action by the debtor to recover damages: *Held*—That the plaintiffs in the original action, who sought and obtained the judgment, are alone liable. Therefore, creditors who did nothing more than file their claims after the judgment was entered, determining that the estate of the debtor inured to the benefit of creditors, are not liable for the damages sustained; nor should they be required to restore what they may have received in satisfaction of claims justly due them.

WADSWORTH & SONS AND COCHRAN & SON FOR APPELLANTS.

1. Where the property of the defendant is sold under a judgment which is subsequently reversed, he is entitled to restitution of the proceeds of the sale, and not the *value* of the thing sold. (Backhurst v. Mayo, Dyer, 363a; 2 Bacon's Abr., 740; Yelverton, 179; Kennedy v. Ducklee, 1 Gray (Mass.), 65; Bickerstaff v. Dillinger, 1 Murphy (N. C.), 272; Bryant v. Fairfield, 51 Me., 149; Gay v. Smith, 38 N. H., 171; Field v. Anderson (Ill.), 14 Law Rep., 490; Freeman on Executions, sec. 346; Eames v. Stevens, 26 N. H., 117; Trow v. Messer, 32 N. H., 361; McGuire v. Ely, Wright (Ohio), 522; Coleman v. Trabue, 2 Bibb, 518; Williams v. Cummins, 4 J. J. M., 639; Outten v. Palmateer, 7 J. J. M., 242; Parker v. Anderson, 5 Mon., 445.)

Cases and texts commented on: Freeman on Judgments, sec. 482; McJilton v. Love, 13 Ill., 486; Reynolds v. Hosmer, 45 Cal., 630; Simpson v. Horenbeck, 3 Lansing, 53; Yocum v. Foreman, 14 Bush;

South Fork Canal Co. v. Gordon, 2 Abb. (U. S.), 479, 488; Thompson
v. Thompson, 1 N. J. L.; Smith v. Zent, 43 Am. Rep., 61; Bank of
U. S. v. Bank of Washington, 6 Pet., 8.

A judgment, although subsequently reversed, is a sufficient justifica-
tion for all acts done by plaintiff in enforcing it, prior to the reversal;
and, therefore, upon the principle, the mere fact of *damage* to the de-
fendant by the enforcement of the judgment can not be made the
basis of a claim against the plaintiff. (Freeman on Judgments, sec.
482; South Fork Canal Co. v. Gordon, 2 Abb. (U. S.), 479; Field v.
Anderson, 14 Law Rep., 490; Spring v. Besore, 12 B. M., 555; Mar-
shall v. Welwood, 9 Vroom, 339; S. C., 20 Am. Rep., 394.)

2. Even if appellee was entitled to recover *damages* for the sale of her
land, she was entitled to recover nothing more than the value of her
half interest *at the time of the sale*. (Lillard v. Whitaker, 3 Bibb,.
92; Sproule v. Ford, 3 Litt., 26; Freeman v. Luckett, 2 J. J. M., 393;
Daniel v. Holland, 4 J. J. M., 26; Greer v. Powell, 1 Bush, 499; New-
comb v. Baskett, 14 Bush, 667.)

3. It was error to charge appellants with rent from the time of sale until
restitution. It is only where the defendant is entitled to restitution
of the identical property that rent can be recovered.

4. The judgment is erroneous in that it was rendered jointly against re-
spondents. The court should have ascertained the portion of the pro-
ceeds received by each of the respondents, and rendered a separate
judgment against each for such portion.

5. If the criterion of liability is the damages sustained, the only persons
who should be made responsible for the damages are the parties who
brought the suit, and not the creditors who simply filed their claims.

6. The judgment was erroneous in ordering any thing to be restored to
appellee. Restitution should have been made to her trustee, she hav-
ing made an assignment pending the action.

7. The court should have ordered the claims of respondents set off against
the claim to restitution. (Carson v. Carson, 2 Met., 96.)

JOHN B. BASKIN FOR APPELLEE.

1. Appellee is entitled to restitution of the value, at the time of the sale,.
of the property wrongfully sold, and not merely of the amount.
realized from the sale. ("Restitution," Webster's Dictionary; Free-
man on Judgments, secs. 482, 483; South Fork Canal Co. v. Gordon,
2 Abb. (U. S.), 479; Sutherland on Damages, vol. 1, p. 831; Thomp-
son v. Thompson, 1 Coxe, N. J., 160; Pierce v. Benjamin, 14 Pick.,
356; Warner v. Ostrander, 44 Ill., 357; McJilton v. Love, 13 Ill.,.
486; Reynolds v. Hosmer, 45 Cal., 630; 43 Am. Rep., 61.)

Cases commented on: McGuire v. Ely, Wright (Ohio), 520; I
Murphy (N. C.), 272; Field v. Anderson (Ill.), 14 Law Rep., 490.

2. Appellants are not entitled to set off against appellee's claim the sums

Hays, &c., v. Griffith.

which they assert she owes them. (Morgan v. Hart, 9 B. M., 80; 3 J. J. Mar., 304; 6 Dana, 305.

3. The court could not have rendered judgment in favor of the assignee without a pleading asking it. The assignment was made *pendente lite*, and in such cases the action may proceed in the old name. (Civil Code, sec. 20.

4. As this is an action for *damages*, the claim can not be apportioned, and therefore a joint judgment against the creditors was proper.

5. The opinion of this court reversing the judgment in the original case is conclusive as to the question of rents and costs. (Griffith v. Cox, 79 Ky.)

A. E. RICHARDS in petition for rehearing or modification of opinion.

1. The decision of this court upon the former appeal is the law of this case, and as it was then determined that *all the creditors who participated in this action*, whether plaintiff's or not, should be liable for the damages as indicated in the opinion, this court is bound by that decision, even though it may have been erroneous, which is not conceded.

2. As the court by its former opinion required that appellee should "be placed *in statu quo*," she is entitled to recover the *damages* actually sustained by the sale of her property under the erroneous judgment.

3. In an action for restitution it is not a question whether the creditor *ought* to have had judgment; the only question is, how much has he received under the judgment that has been reversed. The court, by allowing the creditors to retain what they have received, leaves them in as good a position as if the original judgment had been affirmed. The opinion is inconsistent with the cases of Morgan v. Hart, 9 B. M., 80, and Smith v. Bohon, 12 Bush, 448.

CHIEF JUSTICE PRYOR delivered the opinion of the court

The appellee, Mary Griffith, owned the one-half of a tract of land in the county of Mason, and some personal estate, and while the owner of this property she executed a mortgage on her interest in the land in conjunction with her brother, who owned the remaining half, to one Riley, to secure him in the payment of two notes for borrowed money upon which she was bound either jointly with, or as the surety for, her brother.

The present appellants, or some of them, who were the creditors of the brother and also of the appellee, filed a suit in equity against the two (brother and sister), alleging that the mortgage executed by them to Riley was in contemplation of insolvency, and with the design to prefer him as a creditor, and therefore their entire estate passed, under the statute, for the benefit of creditors. The court below so decided, and on an appeal to this court it was held as to the appellee, Mary Griffith, she was not insolvent, nor was the mortgage executed in contemplation of insolvency, with a view to prefer the particular creditor. The judgment from which she appealed was not superseded, and when the mandate of reversal was returned to the lower court her land and personal estate had been sold and the proceeds distributed, or a portion at least, to creditors. The sale of her estate under the judgment passed the title to the purchaser, although a reversal was had, as has been often decided by this court, and her remedy was to take the purchase money and interest that had already been paid to creditors, for the injury she had sustained by reason of the erroneous judgment below, or she might proceed to recover damages of those who had procured the erroneous judgment, and those damages would be confined to the value of the property, real and personal, at the time it was sold, with interest on the proceeds and the costs expended by her in the action; that is, the ordinary costs of such a litigation, not including attorneys' fees or the extraordinary costs incurred by her in the defense of the original action. This is not an action for a malicious prosecution, or a proceeding to recover damages by

reason of the wanton or reckless conduct of the appellants, but a claim for restitution and damages against parties who, by obtaining an erroneous judgment, sold the appellee's property when they had no right to have it sold.

When money has been collected under an erroneous judgment that has been reversed, the party obtaining it may be required to pay back the money by a rule to do so, or a restitution of the property, if not sold, may be required in the same manner; but the proper remedy, where the land or personalty of the party has been sold, and a recovery of its value is denied, is to bring an action for damages, alleging such facts as will show that the plaintiff is entitled, by reason of the reversal, to what he has been deprived of by the erroneous judgment. As this court intimated when this case was here on a former appeal, the appellee might proceed by rule or by a supplemental pleading, to recover what she was entitled to, we will treat the proceedings below as an action to recover damages for the wrong, as all the parties are before the court, and seem to have made no question as to the mode of proceeding. The question of more difficulty than any other in this case is as to the time at which appellee's land should have been valued in estimating the damages, whether at the date of the reversal or when the order of reference was made to the commissioner to take proof of value, or at the time of the sale of the land by the commissioner under the erroneous judgment.

It is insisted by counsel for the appellants that the only criterion of recovery is the amount for which the land sold with the interest, as the error committed was

that of the court below, and not the plaintiffs who brought the action.

It is plain that one of the two parties must suffer, and the party who asks for and obtains the erroneous judgment under which the property of another is seized and sold, when it was not subject to be sold, should make compensation for the loss. It is true he has received only what the land sold for, but at the same time he has been the means of depriving the owner of its real value. We have been referred to cases where the amount of recovery has been confined to the price the property brought under the judgment with the interest; but those are cases, or the majority of them, in which the officer has sold property under an erroneous judgment that had been reversed, when he had not parted with the proceeds. In such cases the officer could only be liable for the amount realized, and in the other cases cited there was no question made as to the right of the injured party to recover more than the purchase money and interest, or, in other words, that where the property has been sold, restitution may be had in money. That the owner of land thus improperly sold may be restored the money for which it was sold is evident, but can he decline that and claim its value, and if so, when is that valuation to be made?

In the case of Thompson v. Thompson, 1 Coxe's Reports (New Jersey), page 160, it is said the words used in the judgment are, that the defendant "shall be restored to all he has lost by occasion of the judgment, and this is and ought to be the measure of damage."

Freeman on Judgments, section 482, says: "But the plaintiff, on the reversal, is liable to an action to

recover the damages occasioned by a sale of defendant's property made under the judgment prior to its reversal."

In South Fork Canal Co. v. Gordon, 2 Abb., U. S., 479, Mr. Justice Field states the rule to be: "That the defendant or unsuccessful party in the court below is to be restored by reversal to all things which he lost by the erroneous judgment or decree, if the title to them has not passed by the previous enforcement of the judgment or decree, and in such case he is to have a right of action for a money equivalent."

In Sutherland on Damages, volume 1, page 831, the rule is stated to be: "But where the action is against the person who occasioned the injury, recovery may be had for the whole damage the injured party sustained by reason of the erroneous judgments and executions. He may recover the full value of the property sold." (See McJilton v. Love, 13 Illinois, 486; Reynolds v. Hosmer, 45 Cal., 616; Bank of United States v. Bank of Washington, 6 Peters, 8.)

In this State the purchaser of property under a judgment, whether the plaintiff or a stranger, is vested with the title, and the responsibility of those procuring the judgment should be for the value of the property sold; and the fact that the plaintiff may hold what he buys, makes it the more necessary for recognizing such a rule. When, then, is the property to be valued?

Some general rule must be adopted applicable to this class of cases, and it seems to us that the time at which the sale took place should ordinarily be the period at which, where a reversal is had, the valuation should be made. It is then that the owner becomes divested of

title, by taking his property from him by virtue of an erroneous judgment, and passing the title to another. Like an action of trover and conversion, the value of the property at the date of the conversion is the true criterion—not what the land or property sold for, but its value on that day, for then the plaintiff ceased to be the owner, and the absolute title vested in another.

In the case before us, the appellants are required to account for the difference between the value of the land at the time the present judgment was rendered and the price it sold for to Howard, the purchaser. Having increased in value from Howard's purchase up to the time this judgment was rendered, the difference is given to the appellee in damages, and also the rents. This is erroneous.

The value of the land at the date of the sale is the criterion, with the reasonable rents up to the day of sale, or to the time the purchaser obtained possession, it having been placed in the hands of a receiver, and then with interest from that time, subject to a credit by any debts that may have been paid out of the sale money to creditors who had filed their claims, and upon which the appellee was liable. Whether liable or not on any of these claims, this court can not now determine.

As to the personalty, all that portion of it to which appellee was entitled (one-half), and that was sold under the erroneous judgment, the appellee will recover its value.

When giving to the appellee the value of one-half of the land at the date of sale, with rents and interest as indicated, and one-half of the personalty sold, or its

value with interest, and crediting her claim by the amounts paid out for debts she was liable to pay, she then has restitution by way of damages for all that she is entitled to recover, save the costs she has incurred.

She is not responsible for attorneys' fees paid by the appellants, nor are they liable for fees paid to attorneys by the appellee.

There is another question to be determined as to the liability of these appellants or some of them. The plaintiffs in the original action, who sought and obtained the judgment, are alone liable in damages. After the judgment was entered, determining that the estate of the debtor inured to the benefit of her creditors, many of these appellants did nothing more than file their claims with the commissioner, in order that they might obtain their distributable share of the fund arising from the sale of her property, and in this way only became parties to the action. They have been made jointly liable for the damages sustained when they were in nowise instrumental in procuring the judgment. They may be liable to refund any money improperly paid them with interest, but to no greater extent; and if the money received was in satisfaction of a claim justly due them by the appellee, we perceive no reason for requiring restitution from them.

This case should go back to the commissioner to audit and settle the claim of the appellee and the creditors. Her account, when made up, to be credited as of the date of payment, which stops interest to that extent, of the claims paid out to creditors where her liability existed, and then giving to her the ordinary costs of the

litigation incurred, will make a fair and legal adjustment of the controversy.

The judgment below is reversed, and remanded for proceedings consistent with this opinion.

To a petition for re-hearing filed by counsel for appellee, Chief Justice PRYOR delivered the following response:

There is a manifest distinction between the case under consideration and the cases of Morgan v. Hart, 9 B. M., 79, and Smith v. Bohon, 12 Bush, 448, and the decision here presents no conflict in the several opinions. The court below in this case had complete jurisdiction of the subject-matter and the parties. The claims allowed creditors were reduced in effect to a judgment. Their validity was not assailed, and the grounds for the reversal applied only as to the remedy adopted for obtaining judgment. The property sought to be subjected was held not to be liable to the payment of the debts, although valid, because the transfer by the debtor was not within the provisions of the act of 1856, under which it is claimed the title passed to creditors.

The creditors, or those instrumental in procuring the judgment, have been compelled to account for the value of the property sold, and with a judgment in effect for their debts, growing out and forming a part of the proceedings in the court below, it is maintained that they should pay back the money obtained on valid claims, and also account for the value of the property sold under the erroneous judgment—a judgment not erro-

neous as to the claims, but erroneous as to the remedy sought for enforcing them.

Where a judgment in equity is reversed, it does not follow, as was held in Morgan v. Hart, that an order for restitution should go as a matter of course. Where the claim is held to be invalid, or no equity exists on the part of the party recovering, or the court has no jurisdiction of the parties or the subject of the action, the rule contended for might apply ; but here the claims of creditors valid and just were allowed, and the present appellant a party to the litigation. They are not independent claims attempted to be pleaded as a set-off, but constituted the basis of the litigation under which it was erroneously held that the title to the property of appellant had passed to creditors. The equities of the parties require that these claims allowed be retained out of the value of the property for which the appellees were made liable, or at least that the creditor whose claim has been properly allowed and paid should not be compelled to refund the money to the appellant.

Petition overruled.