Asher v. Louisville & Nashville R. R. Co.

CASE 63—CONDEMNATION PROCEEDINGS BY THE L. & N. R. R. CO. FOR RIGHT OF WAY OVER THE FARM OF A. J. ASHER.—JUNE 15.

# Asher v. Louisville & Nashville R. R. Co.

APPEAL FROM BELL CIRCUIT COURT—D. W. SANDERS, SPECIAL JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—JUDGMENT—PAYMENT—REVERSAL—RESTITUTION—NOTICE—FILING—ABANDONMENT.

1. Where, several years after reversal of a judgment in condemnation proceedings, a notice by the appellant was filed that it would on a certain day of the term move to file the mandate of the Court of Appeals and redocket the case, but no motion was in fact made to redocket, and the mandate was not filed, the case stood as if no notice had been made under Civ. Code, sec. 447, permitting proceedings on motion in cases specially authorized by statute, but declaring that, unless the motion be made on the day specified in the notice, it shall be considered as abandoned.

2. Where a case has been stricken from the docket, and has remained off the docket for several years before it can be reinstated by either party a notice should be served on the opposite party of the intention to have an order made to that effect.

3. In condemnation proceedings by a railroad company judgment was entered against it in the sum of $3,000, which it paid, but subsequently, on its appeal, the judgment was reversed. Several years afterwards the trial court issued an order reciting that the mandate of the Court of Appeals had been filed, and in obedience thereto the judgment for $3,000 was set aside, and the case redocketed. On a second assessment of the damages the owner was allowed $900. HELD, that the court had no authority to render judgment against the owner for the difference between the judgment for $900 and the judgment for $3,000, as the owner would have to be brought before the court by rule or direct action to authorize the restitution.

HAZELRIGG, CHENAULT & HAZELRIGG AND N. B. HAYS FOR APPELLANT.

J. W. ALCORN, R. D. WARFIELD FOR APPELLEE.

[Note by reporter: This case was tried in 1887, resulting in a verdict, fixing the damages to plaintiff's land at $3,000, from

which judgment defendant appealed, and pending the appeal defendant paid plaintiff the amount of the judgment.

The trial of the case was delayed in the appellate court until 1891, when it was reversed. No further proceedings seem to have been taken until the May term, 1899, eight years after the reversal, when it was again tried in the lower court, and a verdict rendered fixing the damages at $900. Upon the rendition of this verdict, on motion of the railroad company an order of restitution was made directing the appellee in the original appeal, Asher to pay to the railroad company $2,100, the difference in the two verdicts. This trial was had before a special judge, Hon. D. W. Sanders, of Louisville, who left the county where the trial was had, before the motion for a new trial was had or heard, although such motion was tendered to the clerk, with affidavits, within three days after the trial, showing that appellant, Asher's counsel were absent at the trial and could not attend, and claiming the trial was prematurely had without notice to Asher or his counsel. and setting out various alleged errors in the trial to the prejudice of appellant, Asher. These grounds and motions are exceedingly voluminous as well as the briefs of counsel both for the appellant and appellee, in neither of which briefs are the points relied on, classified as required by rule 17, of the Court of Appeals and same can not well be abstracted by the reporter in convenient space.]

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

In the year 1887 the appellee began condemnation proceedings to condemn a right of way over appellant Asher's farm in Bell county. A jury awarded appellant in that action $3,000 in damages. On appeal to this court that judgment was reversed, the opinion of this court in that case being delivered in February, 1891, and reported in 15 S. W., 517, 12 Ky. Law Rep., 815. It appears that the appellee paid appellant this $3,000 in the year 1888. Notwithstanding this payment and the reversal of that judgment in 1891, there is nothing in the record showing any effort made for the further hearing of the condemnation proceedings, or to obtain another trial before a jury in that case, until at the May term, 1899—over eight years after the reversal. At that term the appellee produced and filed

a notice given by it to the appellant that it would on the
second day of that term move to file the mandate of the
Court of Appeals and redocket that case. This was all
that was done at that term, and no motion was in fact
made to redocket the case, and the mandate was not in fact
filed. This notice was lost, not having been called up, and
the action of the court obtained thereon, and the matter
stood precisely as if no notice to file the mandate or docket
the case had been given. See section 447, Civ. Code, and
Foster v. Wade, 4 Metc., 253. At the October term of the
same year the court, without any additional notice to the
appellant, made an order reciting that the mandate of the
Court of Appeals had been theretofore filed, and copied the
mandate, and ordered that, in obedience to this mandate,
the judgment for the $3,000 in favor of the appellant be set
aside, and directed the case to be redocketed. The case re-
mained on the docket without action until the October term,
1902, when a special judge, who had been appointed by
the governor, presided in the trial of the case. A jury
was impaneled, the appellee introduced its evidence, and the
jury returned a verdict allowing appellant only $900 for
the damage to his land by reason of the road passing through
it. Appellee's counsel filed an affidavit to the effect that
the appellant had been paid by the appellee the $3,000, the
amount of the former judgment, and moved the court for
a judgment against him for the difference, $2,100, with
interest from the 10th day of August, 1888. The order
recited that the motion came on to be heard, and on testi-
mony heard in open court it found that appellee had paid
appellant this sum of $3,000, and deducted the $900 that
day awarded, and rendered judgment in accordance with
the motion. And on that day, and in the same order, the
court appointed a special commissioner, who conveyed the

strip of land taken by the road to the appellee. All of
these proceedings were had in the absence of the appellant
and his counsel.

Appellee contends that this proceeding is binding upon
the appellant because his attorney, a day or two before
this judgment was rendered, had stated to the counsel for
the appellee that he did not regard this proceeding as regu-
lar, and did not intend to pay any attention to it until the
time arrived for him to make defense, and then he would
do so; and, in addition to this, on the day of the trial, and
after the case had been called for trial, the court stopped
the proceedings, and sent a special messenger to inform the
appellant of the fact that they were about to enter into the
trial of his case. Appellant was informed in person by this
messenger, and he declined to make his appearance in court.

We are of the opinion that when a case has been stricken
from the docket, and especially after it had remained off
the docket as long as this one, before it could be reinstated
upon the docket by either party a notice should have been
served upon the opposite party of the intention to have
an order made to that effect. The record does not show,
nor is it claimed by the appellee, that any such notice was
ever served upon the appellant, except the one referred
to, which was lost by the failure to have the court to act
upon it. The court erred in rendering judgment against
appellant for the $2,100 and its interest, the difference be-
tween the two judgments. The court had not the power to
render this judgment of restitution on the state of the
record. Even if the proceeding was regular with reference
to the second assessment of damages by the jury, and the
appellant was before the court on that branch of the case,
he still was not before the court on this branch of it but
would have to be brought before it by rule or direct action

for the restitution. And, as neither remedy was followed by the court, the action of the court in adjudging restitution in this case was void. There is no pretense that appellant had any notice of any kind or character of this proceeding of restitution. Hays v. Griffith, 85 Ky., 379, 9 R., 65, 3 S. W., 431, 11 S. W., 306.

Wherefore the judgment of the lower court is reversed, and the cause remanded for further proceedings consistent with this opinion, and, appellant having entered his appearance by this appeal, on the return of the case no notice will be necessary for further proceedings on the condemnation proceedings.