CASE 86.—ACTION BY THE DROVERS & MECHANICS NATIONAL BANK OF BALTIMORE, MD., and OTHERS AGAINST THE NORTHERN COAL & COKE COMPANY.—May 12, 1909.

## Drovers' & Mechanics' Nat. Bank v. Northern Coal & Coke Co.

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1. Execution—Sales—Rights of Purchasers—Effect of Setting Aside Judgment—Restitution to Judgment Creditor.—Where plaintiff purchased property under an execution issued upon a judgment subsequently reversed, the reversal of the judgment does not have the effect of reinvesting the title in the execution defendant, but the plaintiff purchaser is compelled to make restitution, either by returning the property, if he still has it when the judgment is set aside, or by paying over an equivalent in money.

2.  Judicial Sales—Reversal of Judgment—Proceedings for Res-
titution—Form.—A proceeding by rule or motion for the res-
toration of money or property, obtained under the direct op-
eration of a judgment which is subsequently reversed, is al-
ways allowable, as the chancellor has the power to remedy the
injury which may be done under his order, when vacated by
an appellate tribunal.

3.  Judgment—Setting Aside—Grounds—Fraud.—Evidence that an
order, indorsed "to be entered" signed by the judge, was in
the hands of a practicing attorney, who kept a hotel at which
the judge usually stopped, is not, after the death of both the
judge and the attorney, sufficient to show fraud in the rendi-
tion of the order.

4.  Appeal and Error—Mandate to Lower Court—Notice—Neces-
sity.—Where more than two terms of the circuit court had
intervened between the date of a reversal in the Court of Ap-
peals and the filing of the mandate, notice of the mandate was
unnecessary.

5.  Execution—Sale of Property—Reversal of Judgment—Order
of Restoration.—A personal judgment against defendant on
which property belonging to defendant had been sold, was re-
versed, and a mandate issued to the circuit court directing the
setting aside of the judgment, and either the restoration of the
property to defendant, or that plaintiffs pay its equivalent in
money. The case was on the docket of the circuit court. The
parties were before it. Plaintiff's attorney sent the mandate to
the court, and the mandate came after the expiration of two
terms of that court. Two orders were rendered by the circuit
court; the first for the benefit of plaintiffs, and presumably at
their suggestion, and the second on the day following for de-
fendant, and presumably at his suggestion, for a restoration
of the property. Held, that the order for restoration was not
void for want of notice.

CHAS. M. PARSONS, of New York City, and ROSCOE VAN-
OVER, Pikeville, Ky., for appellants.

The sheriff of Letcher county, Ky., having conveyed to the plain-
tiffs herein the property described in the plaintiff's petition, by
deed, dated April 23, 1896, pursuant to a levy made December 21,
1895, and by sale made January 6, 1896, which deed was recorded
in the clerk's office of Letcher county on the 27th day of April,
1896, the title to this property was absolutely vested in these plain-
tiffs. The deed transferred to them all the title held by the execu-
tion defendant, Empire Coal Co., at the time the execution lien at-
tached, December 13, 1895, and takes precedence over all inter-
mediate liens and transfers.

### POINTS AND AUTHORITIES.

85 Ky. 516; 7 Am. State Reports 613; 9 B. Monroe 497; 5 Am.
Dec. 574; 4 J. J. Marshall, 641; Rives v. Brown, 81 Ky. 636; Carlisle
v. Chambers, 4 Bush 268; Collins v. Park, 93 Ky. 6; Benningfield v.
Reed, 8 B. M. 105; Sneed v. Reardon, 1 Mar. 218; Williams v. Cum-
mings, 4 J. J. Mar. 639; Brown v. Combs, 7 B. Mon. 320; Reardon v.
Searcy's Heirs, 2 Bibb, 202; Overton v. Planter, 7 J. J. Mar. 212;

Drovers' & Mechanics' Nat. Bank v. Northern Coal & Coke Co.

Coleman v. Trabue, 2 B. M. 518; Bustard v. Gates, 4 Dana 438; Lampton v. Neher's Heirs, 7 B. M.; Harrison v. Hord, 12 B. M. 472; Willson v. Riley, 1 Dana 360; Chinn v. Butts, 3 Dana 549; 4 J. J. Marshall, 641; DeWolf, &c. v. Wallett's Adm'r, 3 Dana, 219; Blight v. Banks, 6 Mon. 205; Chambers v. Hays, 6 B. M. 115; Jewell v. Marshall, 3 A. K. M. 154; Stark v. Mitchell, 2 A. K. M. 16; McLean v. Nixon, 18 B. M. 774; Kennedy v. Meredith, 4 Mon. 411; Watson v. Avery, 3 Bush 635; Scott v. Scott, 9 Bush 174.

YORK & JOHNSON and HAGER & STEWART for appellee.

## POINTS AND AUTHORITIES.

1. Title to real estate sold under execution and purchased by the plaintiff in the execution, does not pass where the judgment upon which the execution is based is reversed by the Court of Appeals after the sale but before the sheriff's deed is executed, conveying the property to the plaintiff in the execution. Dudley v. Beatty, 5 Kentucky Law Reporter 773; Freeman on Judgments, Sec. 481; 17 Am. & Eng. Enc. Law, 2d Ed., 807 and 808.

2. A court of general jurisdiction, in which a judgment has been rendered, has authority after that judgment has been reversed by the Court of Appeals, to set aside and quash proceedings had under the judgment, either upon motion or by rule, and this notwithstanding the fact that title to the property has passed under the erroneous judgment, where the property is still in the possession of the plaintiff in the execution. And this may be done without filing the mandate, and regardless of a probable future similar judgment, where the same was reversed for further proceedings, and it is the duty of the court to require restoration before allowing plaintiff to proceed further. Hays v. Griffith, 85 Kentucky 377; Bridges v. McAllister, 106 Kentucky 791; Hess v. Deppen, 31 Kentucky Law Rep. 15; Graves, Ex. v. Patton, Adm'r., 3 Ky. L. R. 393; McCarroll v. Clark, 10 Ky. L. R. 544; Ware v. McCormick, 15 Ky. L. R. 59; Louisville, &c., R. R. Co. v. Bates, 8 Ky. L. R. 701; Cavanaugh v. Wilson, 22 Ky. L. R. 476; Clifton v. Pfirman, 33 Ky. L. R. 529.

3. There is not a scintilla of evidence in the record upon which to base claim of fraudulent collusion between the former defendants, their counsel and the court.

4. A petition alleging a cause of action based upon fraud or mistake, is demurrable unless it shows that the fraud or mistake was committed within the five years preceding the filing of the petition, or that, by the exercise of ordinary diligence, it could not have been discovered within five years. Kentucky Statutes, Secs. 2515 and 2519; Schneider v. Schleuter, 23 Ky. L. R. 951; Stillwell v. Levy, 84 Kentucky 379; Woods v. James, 87 Kentucky 511; Ward v. Thomas, 81 Kentucky 452; Cotton v. Brown, 9 K. L. R. 115; Fritcher v. Koehler, 83 Kentucky 78; Cavanaugh v. Britt, 90 Kentucky 273; Brown v. Brown, 91 Kentucky, 679; German Surety Bank v. Columbia Finance & Trust Company, 27 Kentucky L. R. 581.

5. Where two terms of court intervene between the reversal and action in the lower court under it, no notice of the filing of the mandate is necessary, even in cases where such notice is otherwise required. Civil Code, Sec. 761, Sub. Sec 2; Chestnut v.

Russell, 24 Ky. L. R. 704; Baker v. Baker, 87 Ky. 464; Lloyd v. Matthews, 92 Ky. 303.

6. The entry of a judgment before the case regularly stands for trial is a clerical misprision, which can be corrected only within the three days of the first term of court after the rendition of the judgment. Civil Code, Sec. 517, 519, 763; Commonwealth v. Caudill, 28 Ky. L. .R. 521; Wingfield v. Cotton, 9 Ky. L. R. 275; Delker v. Evans, 23 Ky. L. R. 2451.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER.—Affirming.

In the year 1895 the Drovers' & Mechanics' National Bank of Baltimore, Maryland, and others instituted an action in the Pike Circuit Court against A. R. Merritt and others, in which they sought a personal judgment against defendants for the amount of the claim sued on, and to enforce the same as a lien on certain property in Pike county. At the July term, 1895, of that court it appears that judgment was rendered against defendants. All other questions were reserved for further adjudication. At the November term, 1895, the amounts adjudged plaintiffs at the July term were adjudged a lien upon certain real property located in Pike county, and it was ordered that a sufficiency of same be sold to satisfy the judgment. An appeal was prosecuted to this court, but no supersedeas was executed. On December 4, 1895, executions were issued upon the personal judgments to Letcher county, Ky., returnable the fourth Monday in January, 1896. On December 21, 1895, these executions were levied upon certain coal and mineral rights and privileges in lands situated in Letcher county and belonging to the defendants in the execution. There. was no lien upon the Letcher county property; it affected only the property situated in Pike county. On January 6, 1896, the sheriff of Letcher county sold the property levied on, and the plaintiffs became the pur-

chasers for more than two-thirds of the appraised value thereof. No deed was executed to the purchaser until April 23, 1896. On April 21, 1896, this court affirmed the judgment of the Pike Circuit Court in so far as it adjudged the plaintiffs in that action a lien upon land in Pike county, but reversed it in so far as it awarded a personal judgment against defendants Merritt and the Empire Coal Company. On May 12, 1896, there issued from the clerk's office of the Lawrence Circuit Court an execution in favor of J. C. C. Mayo, against defendant Empire Coal Company. This execution was directed to the sheriff of Letcher county, and made returnable the third Monday in June, 1896. Upon June 18, 1896, it was levied upon the same property in Letcher county. The tracts were appraised separately, and sold by the sheriff on July 6, 1896, to J. C. C. Mayo and John P. Wells. On the same day the sheriff executed a deed conveying the property to the purchasers, Mayo and Wells. Thereafter Mayo and Wells sold and conveyed the property to third parties, and through mesne conveyances it was conveyed to the appellee in this action, the Northern Coal & Coke Company. In the month of January, 1897, the attorney representing the appellants in this action sent the mandate in the former action of the Drovers' & Mechanics' National Bank, etc., against A. R. Merritt and others to the Pike Circuit Court. On March 3, 1897, an order was entered reciting that, the order of sale of the Pike county land adjudging a lien not having been complied with, the time for executing the same was enlarged; and the commissioner was directed to make the sale pursuant to former orders and judgment, and to report at the following term of court. On March 4, 1897, an order was en-

tered noting of record and spreading at large on the record of the court said mandate of this court. Thereupon the defendants in said action entered motion to set aside the personal judgment rendered at the June term, 1895, of the Pike Circuit Court, and to quash and set aside the three executions issued on said judgment on December 4, 1895; also to set aside the sale made by the sheriff of Letcher county under said executions. The cause was then submitted on said motion, and the court set aside the personal judgment rendered at its June term, 1895, quashed the three executions issued to the sheriff of Letcher county, and set aside the sale of the property under said executions. On August 6, 1906, a little over nine years after the foregoing order was entered, the appellants, the Drovers' & Mechanics' National Bank, etc., instituted this action in the Pike Circuit Court to have set aside the order of March 4, 1897, and asked that they be adjudged the owners of the property in question. By appropriate pleading an issue was reached, and, the case being submitted, judgment was rendered in favor of appellee, Northern Coal & Coke Company. From that judgment this appeal is prosecuted.

We deem it unnecessary to discuss the question of the validity of the deed made by the sheriff of Letcher county to appellants two days after the reversal of the judgment of the lower court by this court. We shall confine ourselves to the discussion of the effect of the order of March 4, 1897. The doctrine is well settled in this state that, where the plaintiff purchases property under an execution issued upon a judgment subsequently reversed, the reversal of the judgment does not have the effect of reinvesting the title in the execution defendant. Yocum v.

Foreman, 14 Bush, 494. But, as said by this court in Cavanaugh v. Wilson, 108 Ky. 759, 57 S. W. 620, 22 R. 474, the doctrine announced in the above case leaves untouched the remedy of one whose property has been sold under a judgment subsequently reversed. Under the doctrine as now applied in this State the plaintiff purchaser is compelled to make restitution, either by returning the property, if he still has it when the judgment is set aside, or by paying over an equivalent in money. Cavanaugh v. Wilson, supra; Hays, etc. v. Griffith, 85 Ky. 375, 3 S. W. 431, 11 S. W. 306, 9 R. 65. In the case of Bridges, &c. v. McAlister, 106 Ky. 791, 51 S. W. 603, 21 R. 428; 45 L. R. A. 800, 90 Am. St. Rep. 267, the rule is thus stated: "When a judgment is reversed, restitution must be made of all that has been received under it, but no further liability should in any case be imposed." In the case of Hess v. Deppen, &c., 125 Ky. 424, 101 S. W. 362, 31 R. 1328, the property remaining in the possession of the Louisville Banking Company, one of the execution plaintiffs, and purchaser at the sale, was ordered to be restored at the election of the execution defendant. An examination of these cases and others, it might be said, will show that the doctrine is well settled in this State that a proceeding by rule or motion for the restoration of money or property obtained under the direct operation of a judgment which is subsequently reversed is always allowable. The chancellor has the power to remedy the injury which may be done under his order when vacated by an appellate tribunal.

The only question remaining is whether or not the order of March 4, 1897, is void. It is attacked on two grounds—fraud and want of notice. The charge of fraud is not made out by the evidence. The proof is

to the effect that the order in question was in the
hands of one Connolly, a practicing attorney of the
Pike county bar, who also kept a hotel in Pikeville,
at which the judge of the Pike Circuit Court at that
time usually stopped. The order was indorsed "to
be entered" and signed by the judge. It is insisted
that Connolly was at that time not the attorney for
any of the defendants, but was the attorney for J. C.
C. Mayo. The judge who presided at that time is
dead. Connolly is also dead. This evidence is not
sufficient to create even a suspicion of fraud, much
less to support it. The judge may have dictated the
order to Connolly at whose hotel he was stopping.
At any rate the order of March 4, 1897, should not be
set aside upon any such evidence.

But is the order void for want of notice? It is first
insisted that, under section 761, sub-sec. 2, Civ. Code
Prac., notice of the filing of the mandate should have
been given. It appears from the record that more
than two terms of the Pike Circuit Court had inter-
vened between the date of the judgment of this court
and the filing of the mandate. That being the case,
no notice was necessary. Baker v. Baker, &c., 87 Ky.
461, 9 S. W. 382, 10 R. 430; Lloyd, Trustee v. Mat-
thews, 92 Ky. 300, 17 S. W. 795, 13 R. 537; Chest-
nut, &c. v. Russell, &c. (Ky.) 69 S. W. 965, 24 R.
704. But it is insisted that the order of March
4, 1897, is void for want of actual notice to ap-
pellants or their counsel. As stated above, the record
shows that the mandate itself was sent to the Pike
Circuit Court by appellant's attorney. That being the
case, he should have anticipated that the chancellor
would act upon the mandate by setting aside the per-
sonal judgment, and by either restoring the property,

or directing that appellants pay its equivalent in money. The case was upon the docket; the parties were before the court; appellants' own attorney sent the mandate to the court; the mandate came after the expiration of two terms of that court; an order was entered on March 3, 1897, for the benefit of the appellants, and we must presume it was entered upon their motion or at their suggestion. The order quash ing the execution and setting aside the sale was entered on the next day. The order recites that it was entered upon the motion of defendants. The presumption is that it was so entered. The evidence is not sufficient to rebut this presumption. It was proper to seek the restoration of the property by motion. The order was the means employed by the court to effect a restoration. Under the circumstances we can not say the order is void for want of notice. If erroneous the order should have been appealed from within two years. As the order was not void, it necessarily follows that appellants are not entitled to the relief sought.

Judgment affirmed.