## Budnick, et al. v. Hogg, et al.

(Decided May 10, 1927.)

### Appeal from Letcher Circuit Court.

Execution.—Exceptions to execution sale should have been sustained and resale ordered, where sheriff offered hotel and land it covered, while purchaser understood that approach to building was included, since sale such as sheriff intended is unusual and such offer would naturally be confusing.

HAWK & LEWIS for appellants.

DAVID HAYS and R. MONROE FIELDS for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This is an appeal from a decree overruling certain exceptions of the purchaser of a lot of land sold under execution; the vital question in issue being the quantity of land offered and sold by the sheriff. The plaintiffs in the execution had a judgment against R. Bates, Sr., which, upon his decease, was properly revived against his executor and his real representatives. On the 16th day of September, 1924, an execution for $2,180.31 issued from the clerk's office of the Letcher circuit court. On September 25, 1924, the sheriff levied it "on a certain lot of land in the town of Neon, Letcher county, Ky., situated between the east and west legs of the Y of the L. & N. R. R. Co., in said town, . . . as the property of Robert Bates heirs." This was duly advertised and

offered for sale on the 3d of November, 1924, at which time it was found unnecessary to sell the entire lot, and Louis Budnick became the purchaser of a portion thereof at the price of $4,000. The report of sale described the land sold as "one large building and the land it covers, situated at Neon, Ky., and known as the Robert Bates, Sr., property." At the sale the entire property was appraised at the sum of $3,000. When offered as a whole, Louis Budnick became the purchaser at the price of $5,500. A smaller quantity of land was then offered, and Louis Budnick became the purchaser at the price of $4,000. There was a conflict in the testimony as to the extent of the lot thus sold, and this forms the basis of the exception.

As stated, the lot lies in a triangle surrounded by the tracks of the L. & N. R. R. Co. There is a hotel building upon it, near the center. Budnick claims that the sheriff proposed to cut off one corner of the triangle and offer for sale that part of the lot upon which the hotel stood and the parts which lay immediately in front and in rear thereof. In support of this contention, he filed exceptions to the report of sale, supported by his own and two other affidavits. On the contrary, the sheriff maintains that he only offered for sale that part of the lot upon which the hotel building stood, and in support of this filed his own and four other affidavits. As stated, the court overruled Budnick's exceptions. We think this error. While a hotel without an approach or access could be sold, such sales are unusual and an offer to sell such a building at public outcry would naturally be confusing and liable to misunderstanding by bidders. If the building abutted on streets or other easements a different situation would exist, but here the building was entirely surrounded by lands of the execution debtor, and it is hardly reasonable to assume that the purchaser would have made the bid for the restricted area, as claimed. It being apparent that there was a misunderstanding and that the minds of the parties never met on the purchase, the court should have sustained the exceptions and ordered a resale.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.