## George Hogg & Son v. Budnick et al.

(Decided February 1, 1929.)

ASTOR HOGG for appellants.

HAWK & LEWIS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

George Hogg & Son, a partnership composed of George and Ira Hogg, obtained judgment against Robert Bates, Sr., in the Letcher circuit court, upon which execution issued for its amount and cost aggregating $2,-537.25, and the sheriff of the county levied it on a lot and hotel building located thereon situated in the town of Neon, Ky. At the sale thereunder Louis Budnick became the purchaser, and he executed bond in conformity with the terms of the sale. After the return of the execution by the sheriff showing such facts, appellee moved the court to set aside the sale for certain reasons set out in his motion, but the court overruled it and confirmed the sale, as the order reads. From that judgment, Budnick prosecuted an appeal to this court, and, in an opinion reported in 219 Ky. 775, 294 S. W. 482, the judgment or order of court overruling appellee's motion was reversed, with directions to the court below to sustain it and to set aside the sale and direct a resale of the property levied on.

Upon filing of the mandate in the trial court, an order was entered as directed by this court in the opinion referred to; whereupon appellee entered motion for

the restitution of the proceeds of the sale that he had in the meantime paid to plaintiffs, in satisfaction of their judgment, and when payment was made by him to prevent the sheriff from levying upon and selling his property as that officer threatened, and was about to do. The court sustained his motion, and gave judgment in his favor against plaintiffs in the execution for the amount he had so paid them, and, complaining of it, they prosecute this appeal.

It is contended by counsel for appellants that appellee was not entitled to a restitution of payments made by him, as purchaser of the property at the sale that this court ordered and directed to be set aside, and that his only remedy was to be subrogated to the rights of plaintiff in the judgment and execution, and to have a resale for his benefit; but we do not find ourselves in accord with that contention. The general rule of the right of purchasers at such sales upon a reversal of the judgment is stated in the texts of 35 C. J. 114, under the title of "Judicial Sales," and in volume 23, same work, 692, under the general title of "Executions," which is the same character of sale here involved, and the rule as stated in both texts seems to be practically identical and is to the effect that, upon a reversal of the judgment wherein a strictly judicial or decretal sale was ordered and has been made, the purchaser thereunder who paid the purchase money, or any part of it, before the reversal, is entitled to restitution from the one who received the proceeds of such payment, and the text referred to under "Executions" announces the same general rule in this language: "On setting aside the sale, all parties should be placed in statu quo so far as possible. . . . . The purchaser should be refunded the purchase money, and the execution debtor restored to his title and to possession of the property, or its proceeds."

The same general principle was recognized and applied by this court in the cases of Hall v. Dineen, 83 S. W. 120, 26 Ky. Law Rep. 1017; Forst v. Davis, 101 Ky. 343, 41 S. W. 27, 19 Ky. Law Rep. 558; Hess v. Deppen, 125 Ky. 424, 101 S. W. 362, 31 Ky. Law Rep. 15, 15 Ann. Cas. 670, and Drovers' & Mechanics' National Bank, etc., v. Northern Coal & Coke Co., 133 Ky. 773, 119 S. W. 151. The only method by which the status of the parties could be restored would be to, in effect, rescind everything that had been done under the sale, and which cannot be done, so far as the purchaser is concerned, without restoring

to him the amount paid under his bid at the execution or judicial sale. To limit his relief only to conferring on him the rights of the plaintiff in the execution by subrogation might, in many cases be wholly inadequate and necessarily productive of great delay, although adequate. The invalidity or defect in the sale, not having been caused by the purchaser but by the court through its duly constituted officer, the former should not be penalized, though amounting to nothing more than delay in recovering the purchase price he paid under the invalid or defective sale, and for those and other equitable reasons, the rule supra has been evolved and adopted by the courts.

The court, therefore, did not err in ordering the restitution asked for in this case, and its judgment in so doing is affirmed.