Jackson, J.,
delivered the opinion of the Court.
The defendant sued out an original writ against the plaintiff, and caused his goods to be attached; and the writ was afterwards abated on a plea of a former suit pending for the same cause of action; and the question is, whether trespass will lie against the defendant for that attachment.
[ *502 ] * We are all satisfied that an action upon the case is the proper and exclusive remedy for an injury of this kind. The case is not stronger for the present plaintiff than if he had, been sued without any cause of action whatever, and that cer tainly known to the party who commenced the suit; and yet it is well settled that trespass will not lie for such an injury. There are many cases on this point, collected in Buller’s Nisi Prius, in the 11th and following pages. In 3 Durnf, & East, 183, Lord Kenyon declares that “ it is incomprehensible to say that a person shall be considered a trespasser, who acts under the process of the court.” This must of course mean a regular process, such as cannot be vacated or avoided by a supersedeas. The same principle is recog *451 nized in the case of Tarlton vs. Fisher & Al., which was cited for the plaintiff. It is there settled, that if there be no cause of action, or if the process is erroneous, the party suing it out is liable only to an action upon the case for the malicious prosecution; and if the writ is, from any irregularity, liable to be avoided by a supersedeas, still trespass will not lie until the writ has been actually superseded.
The cases cited for the plaintiff, in which trespass was held to lie against parties acting under legal process, relate to process that was void, or vacated, set aside, or superseded, as illegally, unduly, or irregularly sued out. (a) Indeed, the argument for the plaintiff seemed to proceed upon the ground that a writ liable to be abated, and which is afterwards actually abated, is to be considered as irregularly issued, or void from its commencement. But there is a great difference between the two cases. In the latter, the process is considered as never having issued, so far as concerns the party who sues it out. It is not the foundation of any judgment of the Court, and does not appear upon the record.
If one be arrested on an execution which was illegally issued, and is afterwards set aside on that account, and brings trespass for this arrest, the defendant cannot justify under the execution, because it has not, and never had, any legal * existence; and of course it cannot be produced or [ * 508 ] proved in a court of law.
But in the case of an original writ that is abatable, it depends on the defendant’s plea whether it ever will be abated. If it be afterwards abated, it is by judgment of the court; and the writ, so far from being a mere nullity, becomes a record of the court, and is the foundation of the judgment which they render.
The plaintiff, in the case at bar, could not reply to this plea of justification, that there was no such record of the writ set forth in the plea. This proves that the writ was not avoided, set aside, or vacated.
We know of no principle, on which this replication could be supported, that would not apply equally to the case of every writ that was abated for any other cause; and indeed to every action which should otherwise prove to be erroneous or unfounded.
It makes no difference that, in this case, the present defendant may be supposed to have known of the pendency of the former suit, which was the cause of abating the second. That would be a material circumstance in an action upon the case for a malicious *452 •prosecution. But if trespass can be maintained at all, it is because the act of suing out such a writ, and causing it to be served upon the plaintiff, was in itself tortious, and the ground of an action, without reference to the defendant’s motives.
If one, knowing that he has no cause of action or complaint, cause another to be arrested, the latter may maintain an action upon the case for this injury, although the whole proceedings are perfectly regular and legal in point of form, (a) But he could not, in such a case, maintain trespass. On the other hand, if one is arrested on process which is afterwards vacated, or superseded, he may maintain trespass, although the party causing the arrest were not actuated by any malicious or unjust motives ; because the process itself has become a nullity, and the arrest, of course, wholly unauthorized.

Replication adjudged bad.

 Albee vs. Ward, 8 Mass. Rep. 79. — Winslow vs. Hathaway, 1 Pick. 211. — Smith vs. Rice, post, 507. — Briggs vs. Wardell, 10 Mass. Rep. 356.

 Walkins vs. Baird, 6 Mass. Rep. 506. — Lindsay vs. Larned, 17 Mass. Rep. 190. — Stone vs. Swift, 4 Pick. 389. —Pierce vs. Thomson, 6 Pick. 193.