Chief Justice Robektson,
delivered the opinion of the Court.
Jud^-e Nicholas did hot sit.
Palmateer, having succeeded in reversing h judgment which Stout’s administrator had obtained against him, moved the circuit court, after the return of the mandate to that court, for a rule against the administrator and against Thomas Out-ten, (for whose benefit the suit was alleged to have been prosecuted,) to shew cause why they should not make restitution of money made and of slaves sold by the enforcement of the-judgment prior to the reversal. The parties afterwards appeared in court, and were heard, and thereupon the court gave judgment against Outten for restitution of three several sums of money, with interest until payment.
The regularity of that proceeding, and the correctness of the judgment thus rendered, are now to fee considered.
The record certified bv the clerk does not shew what proof was presented on the hearing in the circuit court, and exhibits only two executions of fieri facias endorsed for Outten’s benefit, and a replevin bond with an endorsement purporting to be a receipt by him. According to the practice of this court, we have looked into the record in the case which the judgment was reversed. And that containsan affidavit filed by Outten, during the pendency of the suit in the circuit, court for obtaining a continuance, and in which he stated that he was entitled to the avails of the suit, and was therefore the only person engaged in the prosecution of it.
If the-record oí the suit in which the judgment t . , , , ¿ • was obtained, shew that Outten was a party, the cuit court had authority, upon motion, to order *242 restitution of whatever sum official returns upo’n process issued on the judgment, shewed that he had received, in virtue of the judgment, prior to its reversal. But, unless he be a party to the original recor(b or «"less, being such .party, there be record or official proof that he had. collected money on tlie judgment, a motion or rule for restitution cannot be sustained, hut a -scire facias, or other suit, in wbich matters in pais might be tried and ascertained by a jury, would be the appropriate mode of proceeding — 2nd Salk. 588 — 2nd Tidd’s Pra.
pureha^e inareí, or oth•r property, Uoni^he^ubsequent re-ye^sai of the g^“ient ,. 7°8t him of *' l is right to the slaves, or °th™tl[pS°P(h» 0 ly cau^e of reversal ne Trí' th» judgment or sale, to which a* ^as^ri^’ otherwiso.Yrl oa°e, the f^e slaves or othr er property de'nopjfb/the sheriff’s re-turn) is the proper subject of restitution.
*242 According to a reasonable construction and application of the foregoing rule, we are disposed to consider Outten as virtually' a party when he filed his a®(lavl,; i*1 the circuit court; that affidavit was made a part of the record by a hill of exceptions, But it does not shew that he was a beneficial party when the judgment was rendered, or afterwards; he «tight at any time after filing his affidavit, have parted with his interest, and thereby have become a stranger to the suit and to the record. Whether be continued to be a beneficial party, is a fact which the record does not prove, and which, therefore, should be tried, not by the record, but as other matters aFe properly triable,
If the declaration, or any entry made- by the court on its record, had shewn that the suit was prosecuted for Outten’s benefit, proof aliunde might not be necessary, or, perhaps, proper. But the affidavit, though a part of the record, does not shew that the judgment was obtained for his benefit; or that he was then so connected with it, as to be concluded- by it.
Wherefore,as there was no record proof that Quíten was a party to the judgment, a rule or motion was not a proper mode of compelling restitution. The endorsements (nade by the clerk on the executions do not prove that the judgment was obtained for Outten’s benefit, nor are they conclusive proof even tbat he was entitled to the benefit of the executions; and, therefore, restitution could be coerced only by scire facias or other appropriate suit.
^ Outten purchased Palmateer’s slaves, or other property, under execution, the subsequent reversal *243 of the judgment did not divest him of Jiis right to the property so bought' by him, unless the only cause of reversal had been some irregularity in judgment or sale to which, as a party, he had been privy — but restitution of the price for which the property sold, would be proper against the proper party: and consequently, if Outlet) had been a party to the judgment, it would have been right to order him, as the circuit court did, to restore tiie price for which the slaves were sold to him under execution, as shewn by the sheriff’s return. But even if he had been a party to the judgment, the order for restitution of the amount of the replevin bond could not have been sustained, unless the proper officer had returned on an execution on the bond, that he had collected the amount, and paid it to Outten.
aiutiff; Wicklifje and Wooley, for deHag-gm, for pi fendant.
Wherefore, for the foregoing reasons, but cially because the circuit court' had no jurisdiction of the case upon a mere motion or rule, the order for restitution is reversed and set aside.