CASE 48. —ACTIONS BY R. O. DEPPEN AND OTHERS AGAINST H. C. HESS, AGAINST THE LOUISVILLE BANKING CO. AND AGAINST THE WESTERN NATIONAL BANK TO HAVE CERTAIN MORT-GAGES AND BONDS CANCELLED FOR FRAUD.— April 19.

# Hess v. Deppen, &c.
## Louisville Banking Co. v. Same
## Western National Bank v. Same

Appeal from Jefferson Circuit Court, Second Chancery Branch.

SAMUEL B. KIRBY, Judge.

Judgment for plaintiffs. Defendants appeal. Reversed.

1. Appeal—Reversal—Sale Under Judgment—Liability of Appel-lees—Where judgment for the enforcement of bonds and mortgages is reversed after a sale of the property to a third party, appellees are only responsible for the amount received from the sales with interest.
2. Same—Where judgment for the enforcement of bonds and mortgages is reversed af'er a sale of the property to mort-gagee, appellant may either elect to allow the sale to stand

and take the purchase money, or to have the sale set aside and take the property itself; but, where the sale is set aside, appellee should be adjudged a lien upon the property for all valid taxes paid by him or other necessary charges or expenses incurred in keeping the property in repair or improving it, he being chargeable with waste and rents.

O. A. WEHLE and L. B. WEHLE for appellant.

## CLASSIFICATION OF QUESTIONS AND AUTHORITIES.

1.  When the plaintiff has not purchased the property of the defendant at the judicial sale or execution sale thereof, but has only received under the judgment a part of the proceeds of sale, he need after the reversal of the judgment restore to the defendant only the sum so received with interest, and is not liable for damages. (Eyre v. Woodfine, Cro. Eliz, 278 (1591); Peck v. McLean, 36 Minn., 228; Gay v. Smith, 36 N. H., 435; Bridges v. McAlister, 106 Ky., 791 (overruling Hays v. Griffith, 85 Ky., 375); Dowdell v. Carpy, 137 Cal., 333; Contra Thompson v. Thompson, 1 N. J. L., 159 (1793) criticised. Hays v. Griffith, 85 Ky., 357; overruled by Cavanaugh v. Wilson.)

2.  When the plaintiff purchases the property he must (outside of Kentucky) return the property itself. (Gott v. Powell, 41 Mo., 416; Caruthers v. Caruthers, 70 Tenn., 71; Major v. Collins, 17 Ill. App., 239; Ropp v. Reynolds, 15 Cal., 459).

3.  While in Kentucky he has the choice of restoring it or its value. (Cavanaugh v. Willson, 108 Ky., 759).

4.  The plaintiff's attorney or agent who has purchased defendant's property will be treated as if he were the plaintiff himself. (Cavanaugh v. Willson, 108 Ky., 759; Hays v. Cassell, 70 Ill., 669; Madison Lumber Co. v. Batavia Bank, 77 Ia., 393; Hannibal, &c., R. R. v. Brown, 43 Mo., 294).

5.  If the assignee of the judgment or claim under which the sale is made purchases the property, he must after reversal restore it. (McJilton v. Love, 13 Ill., 486; Reynolds v. Hosmer, 45 Cal., 616; Reynolds v. Harris, 14 Cal., 667).

6.  And if they have disposed of the property before restitution is asked, they must return the value of the property. (Reynolds v. Hosmer, 45 Cal., 616).

LANE & HARRISON for appellant, H. C. Hess.

## PROPOSITIONS AND AUTHORITIES.

In all cases where there is a judgment in favor of one party against another party for the recovery of money and upon which judgment, proceedings are taken in equity, which results under an order of the court in an involuntary alienation of the property of the execution defendant, there is, in the nature of things, two final judgments, from both or either of which an appeal can be prosecuted to an appellate tribunal, and a reversal in one does not operate as a reversal in the other, and an appeal from one does not operate as an appeal from the other. If either judgment is reversed, the appellee therein must restore to the appellant all that was obtained by the appellee under the direct operation of the judgment reversed, but so long as the judgment confirming a report of sale remains in full force and unreversed, the execution defendant can not reclaim his property, nor maintain an action for or recover damages by reason of its involuntary alienation—the judgment or order of confirmation is a complete bar to any such action. (Morgan v. Hart, 9 B. Mon., 80; Coleman v. Trabue, 2 Bibb, 519; Parker v. Anderson, 5 T. B. Mon., 451; Outen v. Palmeteer, 7 J. J. M., 243; Williams v. Cummins, 4 J. J. M., 639; Clark v. Farrow, 10 B. M., 419; Bridges v. McArthur, 106 Ky., 795; Hardy v. Wooldridge, 29 Ky. Law Rep., 578; Hays v. Griffith, 85 Ky., 375; Cavanaugh v. Wilson, 108 Ky., 759; Maynard v. May, 16 Ky. Law Rep., 690).

TYLER BARNETT, Atty for appellant.

## POINTS AND AUTHORITIES.

1. In the case of R. O. Deppen and wife v. the German American Title Company, &c., 24 Ky. Law Rep., 1110, this court directed a foreclosure of the mortgage executed by appellees to said Title Company to secure the two debts aggregating sixteen hundred dollars. (Deppen v. German American Title Co., 24 Ky. Law Rep., 1110).

2. The mandate of the Court of Appeals in the above styled case should have been obeyed and followed. (Deppen v. German American Title Co., 24 Ky. Law Rep., 1110).

3. An appraisement of land for a judicial sale and the price at which the land is sold thereat, fixes the then value of the same. (Graves v. Long, 87 Ky., 441; Meddis v. Fenly, 98 Ky., 435).

4. As a defense to the suit to recover values of the land the

appellant set up that appellee procured two of the lots sold to be bought by Matilda Dougherty the sister of plaintiff, R. O. Deppen, who became purchaser of lots four and thirteen at the request and instance of said Deppen and for his benefit, which the court struck out and denied the appellant the right to take proof thereon, thereby materially prejudicing the. rights of the appellant.

5. The value of the property sold at judicial sale is the criterion of its value in a suit seeking its restitution. (Bristow v. Peters, 6 Ky. Law Rep., 300).

6. Under a reversed judgment the property obtained thereby must be restored if not sold. (Hays v. Griffith, 85 Ky., 375).

7. When a tender of the thing acquired under a reversed judgment is made, the party to whom the same is tendered must receive same and pay taxes thereon during the time same was held by the party who acquired same. (Bridges v. McAllister, 106 Ky., 795; Freeman on Judgments, section 482; Freeman on Judgments, section 104-b; Black on Judgments, sections 170-355; Kaye v. Kean, 18 B. Mon., 847; Clark v. Rodes, 121 Bush, 16; Fraser v. Page, 82 Ky., 83; Cavanaugh v. Wilson, 108 Ky., 759).

8. The co-bondholders of this appellant have participated in the suit, received its benefits and have not offered to return the amount which they have received, and they are responsible for the value of the lands sold for the amount received by each of them or fixed by the court as may be finally determined.

9. In the event the court should hold that Deppen must receive the eight lots tendered him by the appellant, the co-bondholders of appellant must pay to this appellant the amounts each received with interest.

S. J. BOLDRICK and J. W. S. CLEMENTS, Atty. for appellees.

POINTS MADE AND AUTHORITIES RELIED UPON.

First, where a judgment under which land was sold is reversed on appeal, the measure of the recovery is the value of the land at the date of sale, with interest, and the appellees are not limited to the price for which said land sold at a forced sale. This is the common-law rule, which required restitution of everything that was lost by reason of the erroneous judgment. (Hays v. Griffith, 85 Ky., 378; Maynard v. May, 16 Ky. Law Rep., 690; Cavanaugh v. Wilson, 108 Ky., 758; South Fork Canal Company v. Gordon, 2d Abb., 479; McJilton v. Love, 13 Ill., 486; Reynolds v. Hosmer, 45 Cal., 616 this case was decided before the Code

changed the common-law rule, as will be seen in Freeman on Executions, page 1977, section 346; Bank of United States v. Bank of Washington, 6 Peters, 8; Thompson v. Thompson, 1 N. J., 160; Fush v. Egan, 48 La. Ann., 60; Hays v. Cassell, 78 Ill., 669; Gould v. Sternberg, 128 Ill., 510; Bridges v. McAlister, 106 Ky., 791 this case is distinguished, and is shown to have no application to the case at bar, as it deals with consequential damages only).

Second, the amendments of the appellant, the Louisville Banking Company, were properly rejected according to the rulings of this court. The appellants having elected to choose their remedy, must stand by the issue presented. (Miller v. Withers, 3 Ky. Law Rep., 57; Colston v. Chenault, 20 Ky. Law Rep., 266; Aikeson v. Sayler, 23 Ky. Law Rep., 836; Ency. Pleading and Practice, volume 7, pages 361-364).

Third, the real issue in this case was the restoration or restitution of what had been taken under the erroneous judgment and the various foreign matters sought to be injected by the appellant, the Louisville Banking Company, were properly excluded, in accordance with the rule of this court. (Morgan v. Hart, 9 B. Mon., 79; Smith v. Bohon, 12 Bush, 448).

4. In the amendment which they attempt to set up the alleged fact that Mrs. Doherty bought for the benefit of Deppen, they give no excuse why this alleged fact was not known when the original answer and the various amendments thereto were filed, and not known before the issues were made up and the proof taken. Then again no proof was taken or offered on this question, which could have been done on the general issue. The court properly refused to permit, after the issue had long been made up and proof taken, the amendment to the answer setting up this alleged fact which, if it existed, must have been known to appellant or could have been known by the exercise of any diligence, long years before the original answer was filed. (Newton v. Terry, 13 Ky. Law Rep., 698; Garrison v. Garrison, 1 Ky. Law Rep., 279).

5. Learned Counsel for the Louisville, Banking Company seem not to have profited by the rebuke administered in the case of the Louisville Insurance Company v. Monarch, 99 Ky., 578, where they resorted to the same tactics as they do in this case. This seems to be an old trick of counsel and this court as well as the court below cannot be trifled with in this manner.

OPINION OF THE COURT BY JUDGE HOBSON—
Reversing.

Appellants held certain bonds and mortgages which
had been assigned to them by the German American
Title Company. Appellees brought this action to
have the mortgages and bonds canceled for fraud in
their procurement. Appellants answered denying
that the bonds and mortgages were procured by fraud
and praying their enforcement. The circuit court
adjudged appellants the relief sought, and appellees
appealed to this court, where the judgment was re-
versed. See Deppen v. German American Title
Company, 70 S. W. 868, 72 S. W. 768, 24 Ky. Law
Rep. 1110, 1876. Before the case was determined in
this court, the judgment of sale was executed. At
the sale part of the property was bought by the Louis-
ville Banking Company, and part by a third person.
After the reversal of the judgment, appellees filed an
amended petition seeking to hold the appellants liable
for damages on the sale of their property. The case
was heard on this amended petition, and, judgment
having been entered against the appellants for the
value of the land at the time of the sale, the appellants
appeal.

The case of Hays v. Griffith, 85 Ky. 375, 3 S. W.
431, 11 S. W. 306, 9 Ky. Law Rep. 65, which the
circuit court appears to have followed, was overruled
in Bridges v. McAllister, 106 Ky. 791, 19 Ky. Law
Rep. 107, 51 S. W. 603, 4 L. R. A. 800, 90 Am. St.
Rep. 267. In that case the court, among other things,
said: "The judgment was the act of the law. Neither
party could control the court, and neither was re-
sponsible for his actions. The law constituted a

tribunal to determine the rights of the parties. That determination, proceeding from a power above them, was in no sense their act. A litigant in this court does not procure the judgment entered in any such sense as to render him responsible for the consequence of the judgment, on its reversal by the United States Supreme Court. We have been referred to no case, and can find none, where an action for damages has been sustained upon the reversal of a judgment for acts done pursuant to it, as for a tort. The fact that there are no precedents for such recovery seems at this day conclusive that it has not been recognized as admissible by either the bench or the bar. When a judgment is reversed, restitution must be made of all that has been received under it; but no further liability should in any case be imposed.'' This case was followed in Schnabel v. Waggener, 118 Ky. 362, 80 S. W. 1125, 26 Ky. Law Rep. 258. It is also supported by the following authorities: Mark v. Hyatt, 135 N. Y. 306, 31 N. E. 1099; Thompson v. Reasoner, 122 Ind. 454, 24 N. E. 223, 7 L. R. A. 495; Simpson v. Hornbeck, 3 Lans. (N. Y.) 53; Bryan v. Congdon, 86 Fed. 221, 29 C. C. A. 670; Fisher v. Langbein, 62 How. Prac. (N. Y.) 238; Chapman v. Dyett, 11 Wend. (N. Y.) 31, 25 Am. Dec. 598; Hayden v. Shed, 11 Mass. 500; Peck v. McLean, 30 N. W. 759, 36 Minn. 228, 1 Am. St. Rep. 665; 3 Cyc. 470; 18 Ency. Pl. & Pr., 884, and cases cited.

The rule is elementary that in a judicial sale the court is the vendor, and that in selling it acts as the agent of the defendant, compelling him to do what it determines he ought to have done. In making a judicial sale, the court does not act as the agent of the plaintiff. The court acts by authority of the law of

the land, and the plaintiff is in no sense his principal. If the court makes a mistake, it is a mistake of the law, and not of the plaintiff. See Rorer on Judicial Sales, section 1, 2; Outten v. Palmeteer, 30 Ky. 241; Forman v. Hunt, 33 Ky. 621. The rule is also elementary that a judgment which is erroneous, but not void, protects all persons for acts done in obedience to it while in force. The judgment of sale not being void and simply erroneous and emanating from the authority of the law, the plaintiffs in the action are not responsible in damages for acts done under it. There can be no sound distinction between a sale of property under an execution and a sale of property at a judicial sale, where the judgment in either case is afterwards reversed. The rule is well settled that in execution sales the officer making the sale is the agent of the law, and in such case the plaintiff is not liable for anything more than the amount of money which he receives, although the judgment is afterwards reversed, where he simply leaves the law to take its course. Freeman on Executions, section 346; Rorer on Judicial sales, sections 590, 599.

The fact that no precedent can be found for a greater liability, in the entire history of the courts of England, is potent evidence that at common law a greater liability did not exist. Were the rule otherwise, there would be no need for the appellee ever to supersede a judgment to prevent the sacrifice of his property where the appellee is solvent; but in all cases he might let the law take its course, assured that in any event he would suffer no loss, and if successful on the appeal might punish his adversary with great loss. Such a rule would have a tendency to prolong and produce ligitation, and it would make the enforcement of judgments which are not superseded so hazard-

ous as to destroy that respect for them which public policy requires. We therefore conclude that appellants, except the Louisville Banking Company, are only responsible for the amount of money which they received from the sales, with interest. As to the Louisville Banking Company, the appellees may either elect to allow the sale to stand as to the property purchased by it and take the purchase money, or they may have the sale set aside and take the property itself, as the law will not allow the plaintiff who obtained an erroneous judgment to make a profit out of it, but will require him to make restitution of all that he received under it. But, if the sale is set aside, the Louisville Banking Company should be adjudged a lien upon the property for all valid taxes paid by it or other necessary charges or expenses incurred in keeping the property in repair or improving it. The purchaser should be charged with waste or rents, and credited by necessary outlays or enhancement by improvements, as in other cases where a contract of sale is rescinded between vendor and vendee on account of a mutual mistake.

Judgment reversed, and cause remanded for further proceedings consistent herewith.

Petitions for rehearing and extension of opinion overruled.