CASE 90—ACTION BY GEORGE P. CRUME AGAINST MARTHA L. McCLURE AND OTHERS FOR A SALE OF REAL ESTATE FOR RE-INVESTMENT.—February 15, 1910.

## McClure, &c. v. Crume.

Appeal from Nelson Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Decree for plaintiff, defendants appeal.—Reversed.

Life Estates—Sale for Reinvestment.—Civil Code Prac., section 491, provides that in an equitable action by an owner of the particular estate or freehold in possession against the owner of the reversion or remainder, where any party in interest is an infant or of unsound mind, real property may be sold for investment of the proceeds in other property. Held, that the section only confers constitutional jurisdiction on the chancery court to act as the agent of infants or of persons under disability in decreeing a sale of real estate for reinvestment of the proceeds and confers no such jurisdiction where the owner of the particular estate and remaindermen are under no disability.

JOHN S. KELLEY and R. C. CHERRY for appellants.

C. T. ATKISSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN—Reversing.

The judgment appealed from is for the sale of real estate in Kentucky and the investment of the proceeds in real estate in Minneapolis, Minn. This action was brought by appellee, George P. Crume, who is the owner of a life estate in the land, against appellants Martha L. McClure, Josie A. Lloyd, and Letitia McClure, the owners in being in remainder. Two questions are presented: First. Has the owner of the particular estate in real property the right to have a sale for the purpose of reinvesting the proceeds in other real estate against the will and consent of the present owners in remainder, they being adults? Second. If the power is vested in a court of chancery to decree a sale for the purpose of reinvestment at the instance of the owner of the particular estate, can the proceeds be invested in a foreign state?

The life estate of appellee, as well as the remainder interests of appellants, was acquired under the will of Nancy J. Foxworthy, which was probated in the county court of the county in which the land is situated. By the first clause of her will she devised the property to her husband, T. S. Foxworthy, for and during his natural life. After the termination of T. S. Foxworthy's life estate, she disposed of the property by the second and third clauses of her will; which are as follows:

"2nd. At the death of my said husband same to pass to my nephew, George P. Crume, for life, remainder to his living issue in fee.

"3rd. Should George P. Crume die without issue surviving him, or should he have surviving issue, but all such issue should die before arriving at the age of twenty-one years, then said estate shall pass in fee, to Martha L. McClure, James Crume, Josie A. Crume and Letitia Crume, share and share

alike; should any one die without issue before the
happening of said event the survivor to take the
whole estate; my intention being that my said
nephew and nieces shall enjoy said estate in default
of living children or grandchildren of said George
P. Crume; but the estate of each child not to be inde-
feasible on the arrival at the age of twenty-one
years.''

T. S. Foxworthy died before the institution of
this action, and appellee, George P. Crume, came into
possession of his life estate, as provided in the second
clause of the will. He has been married four years,
is 39 years of age, and his wife 34. He has always
been and is now without issue. Therefore there is
not now nor has there ever been any person to take
in remainder under the second clause of the will.
James Crume, mentioned in the third clause of the
will, died without issue, and his sisters, appellants,
took whatever interest he had in the land, and they
as well as appellee, are all adults. The sale in this
action was sought and ordered by the lower court
under section 491 of the Civil Code of Practice, which
is as follows: ''In an equitable action by the owner
of the particular estate or freehold in possession or
by his guardian or committee if he be an infant or
of unsound mind, against the owner of the reversion
or remainder, though he be an infant or of unsound
mind, and against the owner of the particular estate
if he be an infant or of unsound mind; or, if the re-
mainder be contingent, against the person if in being,
in whom it would have vested if the contingency had
happened before commencement of the action, though
he be an infant or of unsound mind, and against the
owner of the particular estate if he be an infant or of
unsound mind—real property may be sold for in-

vestment of the proceeds in other real property."
The other sections of the Code authorizing the sale of
real property have no application to a case like the
one at bar. If section 491 of the Code did not author-
ize the court of chancery to make a sale of this prop-
erty, then the sale was void. In the case of Liter v.
Fishback, 75 S. W. 232, 25 Ky. Law Rep. 260, this
court said:

"The law is well settled in this state that the pow-
ers of courts of equity to sell and reinvest infants'
real estate are not inherent, but statutory (here cit-
ing many cases); that the jurisdiction of the chancel-
lor to sell infants' real estate is derived solely from
the Code or statutes, and any other mode is void,
and passes no title. * * * The statutes regulating
proceedings of this kind are clear and explicit. They
are designed for the protection of the class of per-
sons who are unable to protect themselves, and, un-
less rigidly adhered to by the courts, the persons
who are the peculiar objects of the chancellor's care
will constantly be made the victims of injustice and
wrong." In the case of Hess v. Deppen, etc., 125
Ky. 430, 101 S. W. 363, 31 Ky. Law Rep. 16, this
court said; "The rule is elementary that in a judi-
cial sale the court is the vendor and that in selling it
acts as the agent of the defendant, compelling him
to do what it determines he ought to have done. In
making a judicial sale the court does not act as the
agent of the plaintiff. The court acts by authority
of the law of the land, and the plaintiff is in no sense
his principal."

Under section 491 of the Code a court of chancery
can act only as the agent of infants or of persons
under disability. It cannot act for adults who are
not under disability. In the case at bar none of

the persons in being who have any interest in the property sought to be sold are under disability, and under the section of the Code referred to the court did not have authority to decree a sale of it. The language used in section 491 of the Code seems to authorize a court to act as agent for adults and decree a sale when, in its judgment, it is to the interest of the parties. This court, however, in the case of Gossom, etc., v. McFerran, 79 Ky. 236, determined this question against a sale under such circumstances, and said: "The only question we will consider is whether section 491 of the Civil Code, in so far as it authorizes the sale of the property of an adult, not under the disability of infancy, and not of unsound mind, is unconstitutional. After a careful consideration and full investigation, we have concluded that the section referred to and to the extent indicated is unconstitutional. It operates in effect to take the property of one individual and transfer it to another, when neither is under such disability as to require the guardianship of the court. Where any of the citizens are incapacitated to act for themselves, it becomes the duty of the state to protect their interests, and it is upon this idea and for this reason that jurisdiction had been conferred upon the courts to sell and reinvest the proceeds of property belonging to such persons when in the judgment of the court it is to their interest. The court acts and consents for them because they cannot act and consent for themselves. But, so long as the citizen is under no legal disability to act for himself in the management of his property, he is protected by the Constitution from interference on the part of the state, whether that interference comes directly by legislative act, operating

immediately upon the property, or intermediately through the courts.''

Under the authorities cited, we are of the opinion that the lower court was without power or authority to decree a sale in the case at bar, as all the parties in interest in being were under no disability whatever and needed not the agency of the chancellor. This may appear to be a hardship upon appellee, but it results from the fact that neither the will of Mrs. Foxworthy nor the law authorizes the sale.

Having answered the first question in the negative, we deem it unnecessary to determine the second.

For these reasons, the judgment of the lower court is reversed, and remanded for further proceedings consistent herewith.