## ISAAC ROWLAND and Others v. McLAUGHLIN BROTHERS.[1]

### April 15, 1910.

### Nos. 16,446—(216).

**Promissory Note — Fraud of Payee — Action.**

When the payee of a promissory note fraudulently secures possession thereof, and transfers it to an innocent purchaser, any number of the joint makers may maintain an action for the full amount against the payee, if the other makers refuse to join in the action and are not within the jurisdiction of the court. Peck v. McLean, 36 Minn. 228.

Action by seven persons in the district court for Ramsey county to recover $3,500 for the conversion of four promissory notes which plaintiffs, with five other persons, had executed. The substance of the complaint is stated in the opinion. Defendants demurred to the complaint on the ground that it appeared on its face there was a defect of parties plaintiff. From an order, Bunn, J., overruling the demurrer, defendants appealed. Affirmed.

*Morton Barrows* and *Arthur A. Stewart,* for appellants.

*Morphy, Ewing & Bradford,* for respondents.

LEWIS, J.

Respondents, in connection with five other residents of Manitoba, executed and delivered to appellants four certain promissory notes aggregating $3,500, drawing interest at six per cent., due in one, two, three, and four years. Immediately upon receiving the notes, appellants sold and delivered them to an innocent purchaser, and

[1] Reported in 125 N. W. 1019.

this action was brought by seven of the twelve signers for the purpose of recovering the full amount, based upon the fact of their liability to the innocent purchaser. It is alleged in the complaint that the notes were executed in consideration of a stallion; that the notes were executed in pursuance of an agreement entered into by appellants and their representative, Hitchcock, who visited Manitoba and transacted the business; that a corporation was to be formed in Manitoba, for the purpose of owning the stallion, with a capital stock of $3,500, divided into shares of $250 each; that if respondents and five other farmers would execute the promissory notes Hitchcock and appellants would subscribe for two of the shares of stock. It was also alleged that appellants represented there should be no actual sale of the horse and no liability incurred therefor until the joint-stock company was organized and the notes had been signed by all the parties, and that the notes were not to be delivered to appellants by Hitchcock until the consummation of the agreement. Respondents and the five other farmers executed the notes, but the company was never organized. Hitchcock never signed the notes, but they were delivered to appellants contrary to the agreement, and were transferred by them to an innocent purchaser, for value received. Respondents upon signing the notes received the horse and kept him for about a year, when he was returned for the reason that he did not comply with the guaranty made in consideration for his purchase. It was alleged that the signers of the notes who were not joined as parties plaintiff were residents of Manitoba, and were beyond the jurisdiction of the court, and that before the commencement of the action the plaintiffs requested that such persons join with them in bringing this action, but that they refused so to do.

The complaint was demurred to upon the ground of defect of parties plaintiff for failure to join the other five signers of the notes.

The case is controlled by Peck v. McLean, 36 Minn. 228, 30 N. W. 759, 1 Am. St. 665. In that case the plaintiff owned a seven-eighths interest in one steamboat, a three-fourths interest in another, a three-fifths interest in another, and brought an action in her own name to recover damages for the seizure and sale of the boats under execution. The court held that there was no defect of parties plaintiff for the reason that the other owners had refused to join in the action and

could not be made parties defendant because they were beyond the jurisdiction of the court. The facts of that case constituted an exception to the general rule that actions must be brought in the name of the parties in interest.

Appellants attempt to distinguish that case upon the ground that the plaintiff was the owner of a definite and divisible share of the steamboats, and would have been limited in her recovery to an amount proportionate to her share of the value of the property, and that such judgment would not have been a bar to actions subsequently brought by her co-owners; whereas, in this action, appellants occupy an entirely different position, for the reason that the interest of the signers of the notes is a joint interest and not capable of severance or division, and any one of them may be compelled to pay the notes in full, and could then maintain an action against these appellants for the full amount. Appellants have overlooked the real principle upon which that case was decided. The plaintiff was permitted to recover, not because she owned a particular, or divisible, interest in the several boats, but for the reason that the other owners were beyond the jurisdiction of the court and had refused to join in the action as parties plaintiff. If the plaintiff had not been permitted to recover without joining the other owners, she would have been without a remedy. The court said that it was better that the defendants should be put to the danger and inconvenience of several suits than that the plaintiff should be deprived of a remedy.

The same principle applies to this case. The fact that any one or all of the signers of the notes who have not joined in this action could maintain subsequent actions for the full amount of the notes, in case they should be called upon to pay them, does not distinguish the case in principle. Of course, appellants should not be required to pay any more than the total amount of the notes, with interest and damages. It is not necessary to consider at this time what remedy may be open to appellants in case they are sued by those signers who refused to join in this action.

Affirmed.

JAGGARD, J.
I dissent.