## STATE NAT. BANK v. LADD.

No. 7911—Opinion Filed Oct. 31, 1916.

Rehearing Denied Jan 30, 1917.

(162 Pac. 684.)

1. **Appeal and Error—Judicial Sales—Effect of Reversal.**

Where personal property is sold under an order of sale issued out of a district court upon an erroneous judgment, which is not superseded, and which afterwards is reversed by this court, held: (1) That an action for conversion will not lie against the plaintiff in said order of sale; (2) that the defendant in such order of sale is entitled to restitution, and in an action, though designated by the pleader as an action for conversion, recovery may be had for restitution, if the allegations in the petition are sufficient to sustain such action; (3) that the measure of restitution which the defendant is entitled to recover is the amount realized by the plaintiff at such sale, and not the value of the property at the time of the sale.

2. **Judicial Sales—Effect of Reversal.**

Though a judgment be erroneous, it is the act of the court, and unless superseded, until reversed, constitutes sufficient justification for all acts done in its enforcement, and affords complete protection to one who acts in reliance upon the adjudication.

3. **Appeal and Error—Supersedeas Bond—Execution.**

A supersedeas bond executed after an erroneous jugdment has been carried into effect, by sale of property, under an order of sale issued thereunder, has no legal effect upon such sale.

(Syllabus by Collier, C.)

Error from County Court, Carter County; Thomas W. Champion, Judge.

Action by C. B. Ladd against the State National Bank. There was judgment for plaintiff, and defendant brings error. Reversed and remanded.

Sigler & Howard, for plaintiff in error.

Russell B. Brown and Fred C. Ryburn, for defendant in error.

Opinion by COLLIER, C. On the 10th day of January, 1912, the Ardmore State Bank recovered judgment against C. B. Ladd, for the sum of $269.90, together with foreclosure

of mortgage on two mules, one wagon, one cow, and cotton crop. Thereafter, on the 16th day of January, 1912, an order of sale was duly issued, and said property advertised and sold thereunder on the 30th day of January, 1912, for $68.50. On the 27th day of February, 1912, after the sale of said property under said order of sale, said Ladd filed a supersedeas bond of said judgment rendered against him. Thereafter this cause was appealed to this court, the cause reversed and remanded upon the ground that plaintiff had no lien upon said property by virtue of the mortgage which was foreclosed, and that the judgment of the trial court in favor of plaintiff. in the said case of Ladd v. State Bank of Ardmore, 43 Okla. 502, 143 Pac. 170, was erroneous and unauthorized. On the 10th day of July, 1915, the defendant in error, hereinafter styled the plaintiff, brought action against the State National Bank of Ardmore, as successor of the Ardmore State Bank, plaintiff in error, hereinafter styled defendant, to recover the value of said two mules, one wagon, and one cow, sold under said order of sale under said judgment against Ladd, laying said action for a conversion of said property.

The defendant answered denying each and every material allegation of the petition, and pleaded in defense the judgment rendered in the case of Ladd v. Ardmore State Bank, the order of sale, and the sheriff's return. It was admitted by the defendant that the reasonable cash value of the property sold by the sheriff under said order of sale in said case of Ladd v. Ardmore State Bank was, at the time of the sale of the property, the sum of $275. The return of the sheriff and the order of sale showed that the property was sold to other parties than the plaintiff in said case of Ardmore State Bank v. Ladd for the sum of $68.50. There was other evidence, which, from the view we take of the case, we deem unnecessary to recite. The cause was tried to a jury, and upon conclusion of the evidence the defendant moved the court to instruct the jury to return a verdict in its favor. Thereupon the plaintiff moved the court to instruct the jury to return a verdict for the plaintiff in the sum of $275, with interest at 6 per cent. per annum from the 16th day of January, 1912, until paid. The jury was discharged, and the court took the case under advisement, and, on November 4, 1915, sustained the plaintiff's motion and rendered judgment for the plaintiff in the sum of $275, with interest from January 16, 1912, at 6 per cent. per annum. In due time the defendant moved for a new trial, which was overruled and excepted to. To reverse the judgment rendered this appeal is prosecuted.

There are but two questions which we deem necessary to consider for a proper review of this case: (1) Assuming, but not deciding, that the Ardmore State Bank was taken over by the defendant, and the defendant liable for the acts of said Ardmore State Bank, was the action of the Ardmore State Bank in securing the judgment and the illegal sale of said property which was sold liable for a conversion? (2) Assuming that the defendant was the successor of the Ardmore State Bank and received the amount realized in the sale of the property under the order of sale, which we do not hold, was the plaintiff entitled to recover in said action the amount realized at said sale, with interest thereon, or to recover the value of the property at the time of the erroneous sale thereof, with interest thereon from the date of sale?

To constitute a conversion there must be a wrongful act on the part of the party charged, and before the defendant could be adjudged guilty of a conversion of the property erroneously sold, such sale must have been a wrongful act. A judgment, although it may be erroneous, nevertheless, is the act of the court, and, until reversed, unless superseded, which was not done in the instant case, constitutes a sufficient justification for all acts done in its enforcement, and it afforded complete protection to the defendant, who acted in reliance upon the adjudication. Thompson v. Reasoner, 122 Ind. 454, 24 N. E. 223, 7 L. R. A. 495; Gray v. Brignardello, 68 U. S. (1 Wall.) 627, 17 L. Ed. 693; Freeman on Judgments, sec. 482; Wait, Fraud. Conv. (2d Ed.) secs. 443, 444.

The principle is that it would be unjust to hold that a judgment rendered by a court of competent jurisdiction of both the parties and the subject-matter should fail to protect the parties acting under it, before reversal. Miller v. Adams, 7 Lans. (N. Y.) 131; Id., 52 N. Y. 409; Palmer v. Foley, 71 N. Y. 106; Dusenbury v. Kelley, 85 N. Y. 383; Hayden v. Shed, 11 Mass. 500.

Upon principle and upon the irrefutable reasoning of all the authorities, the conclusion follows that the defendant in the instant case is not liable in an action sounding in tort, for damages resulting to the plaintiff by the erroneous sale of the property under the judgment rendered.

It is true that the authorities are not entirely in harmony upon the question of whether upon reversal of the erroneous judgment under which the property of defendant has been sold the measure of damages is the amount realized at the sale made under said erroneous judgment or the value of the property at the time of the sale. But we think the great weight of authority and the better

reasoned cases conclusively show that the party injured by such erroneous judgment and sale of property thereunder is only entitled to recover the amount realized at such sale.

In Peck v. McLean, 36 Minn. 228, 30 N. W. 759, 1 Am. St. Rep. 665, it is held:

"Defendant, after reversal of an erroneous judgment against him, is entitled to restitution of only so much as the plaintiff has received upon the execution rendered thereunder."

In Thompson v. Reasoner, 122 Ind. 454, 24 N. E. 223, 7 L. R. A. 495, Mitchell, C. J., speaking for the court, says:

"A judgment regularly given, although it may be erroneous, is nevertheless the act of the court, and any one who proceeds to enforce it may avail himself of its protection until it is reversed. Whatever contrariety there may be in the adjudged cases, in other respects, all the authorities agree that where a judgment is merely erroneous, it will afford complete protection to all persons who proceed to enforce it, and who act in reliance upon the adjudication. Upon the reversal of an erroneous judgment, the law raises an obligation against one who has received the benefit of the judgment, to make restitution to the other party of any money or property that may have been received, or for its value or equivalent in money in case the plaintiff asserts title to the thing received, or has converted it to his own use."

In Hess v. Deppen et al., 125 Ky. 424, 101 S. W. 362, 15 Ann. Cas. 670, it is held that:

"When a judgment is reversed, restitution must be made of all * * * received under it; but no further liability should in any case be imposed"

—and citing in support thereof Schnabel v. Waggener, 118 Ky. 362, 80 S. W. 1125; Mark v. Hyatt, 135 N. Y. 306, 31 N. E. 1099, 18 L. R. A. 275; Thompson v. Reasoner, 122 Ind. 454, 24 N. E. 223, 7 L. R. A. 495; Simpson v. Hornbeck, 3 Lans. (N. Y.) 53; Bryan v. Congdon, 86 Fed. 221, 29 C. C. A. 670; Fisher v. Langbein, 62 How. Prac. (N. Y.) 238; Chapman v. Dyett, 11 Wend. (N. Y.) 31, 25 Am. Dec. 598; Hayden v. Shed, 11 Mass. 500; Peck v. McLean, 36 Minn. 228, 30 N. W. 759, 1 Am. St. Rep. 665; 3 Cyc. 470; Enc. Pl. & Pr. and cases cited.

Section 5176, Rev. Laws 1910, reads:

"If any judgment or judgments, in satisfaction of which any lands or tenements are sold, shall at any time thereafter be reversed, such reversal shall not defeat or affect the title of the purchaser or purchasers; but in such cases, restitution shall be made, by the judgment creditors, of the money, for which such lands or tenements were sold, with lawful interest from the day of sale."

While this section (No. 5176) relates exclusively to land, we think it clearly indicates the view of the lawmakers of this state as to what restitution shall be made where sales are made under erroneous judgments, that are reversed, and is persuasive of the view herein expressed.

In Peck v. McLean, supra, it is held:

"It may seem a hardship to the defendant in such a judgment that under it his property may be sold for greatly less than its value, and his right of restitution be limited to what came into the hands of the plaintiff. But such hardship, when it occurs, will generally, if not always, be the result of his own acts. If, by failing to appeal, or to obtain a supersedeas on an appeal, he permits the judgment to remain in force and enforceable, he can hardly complain that the other party proceeds to enforce it."

The plaintiff, to support the judgment rendered, cites a great array of authorities, but a careful examination of the same shows that said authorities are not in point and do not tend to sustain the judgment rendered, for the reason that said authorities simply declare the law to be that where a sale is made under an erroneous judgment, the party whose property is sold is entitled to restitution; but do not hold that the restitution shall be other than that received by the plaintiff.

We are further of the opinion that under the liberal rules of pleading in this state, though the pleader designated the action as one of conversion, sufficient facts are stated in the petition to entitle the plaintiff to recover restitution for the erroneous sale, the amount realized at such sale and interest thereon, if in fact the defendant received the same. But whether the plaintiff in the said cause of action of Ladd v. State National Bank received the proceeds of the sale is disputed, and is therefore a question for a jury.

The execution of the supersedeas bond after the sale of the property, after the judgment of the court in said case of Ladd v. Ardmore State Bank had been carried into effect, was a nullity.

The overruling the motion for a new trial based upon the erroneous action of the court in directing a verdict for the plaintiff for the value of the property sold under said erroneous sale at the time the same was sold, which was duly excepted to, was reversible error.

This cause should be reversed and remanded.

By the Court: It is so ordered.