**Gregory A. MURRAY, Respondent,**

v.

**HARVEY HANSEN—LAKE NOKOMIS, INC., Appellant.**

**No. C3-84-857.**

Court of Appeals of Minnesota.

Jan. 15, 1985.

Michael D. Madigan, Dunkley & Bennett, Minneapolis, for respondent.

Anthony R. Soderman, Minneapolis, for appellant.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

LANSING, Judge.

This appeal arises out of a contract for the listing and sale of residential property. Harvey Hansen—Lake Nokomis, Inc. (Harvey Hansen), the real estate agent, appeals from a judgment awarding respondent Gregory Murray compensatory damages for breach of contract. Respondent cross-appeals, contending the trial court should have returned the real estate commission and allowed punitive damages. We affirm and modify.

## FACTS

Gregory Murray and his wife, Colleen Miller Murray, anticipating dissolution of their marriage, contracted with Harvey Hansen to sell their house. The contract was set forth in three documents—a listing agreement, a guaranteed sale agreement, and an expense sheet. Harvey Hansen agreed to list the property for 90 days at graduated sales prices beginning at $72,900, and if the property were not sold within that time, to purchase it for a guaranteed price of $69,500.

The guaranteed sale agreement provided that the purchase price of $69,500 would be paid in part by Harvey Hansen's assumption of a mortgage valued at approximately $45,000 and by payment of $11,685 to the Murrays. The balance of the purchase price was to be paid from an escrow account of $12,195, as credit against expenses listed on the expense sheet portion of the contract. These expenses included a sales commission, a mortgage assumption fee, three repair expenses, and an allocation for "points" (loan replacement fee). The guaranteed sale agreement provided that if Harvey Hansen sold the property for more than the guaranteed price, the excess would be refunded to the Murrays after deduction of the actual cost of holding and sale.

No purchaser was found within the 90-day period, and Harvey Hansen acquired the property under the guaranteed sale agreement. Harvey Hansen paid the Murrays $11,060 (the parties had agreed that $469 for the June mortgage payment and $150 for a closing fee could be deducted from the $11,685). Shortly after the closing with the Murrays, Harvey Hansen resold the property for $66,900—$2,600 less than the guaranteed price. The buyer purchased the house "as is," before several of the originally estimated repair expenses listed on the expense sheet had been incurred.

After the sale, Harvey Hansen notified the Murrays of the deductions from the escrow account, which showed a negative balance. Harvey Hansen had deducted expenses not listed on the expense sheet, including interest expense on a loan taken out to pay the Murrays cash at closing, a

July mortgage payment, a discount on a contract for deed Harvey Hansen issued to the purchasers and subsequently sold, and various other expenses totalling approximately $11,000. Harvey Hansen's commission was the only expense both listed on the expense sheet and actually incurred.

Murray sued for the amount Harvey Hansen deducted for expenses not listed on the expense sheet and for the estimated expenses not actually incurred, claiming Harvey Hansen was not entitled to actual expenses but rather only to those listed on the expense sheet. Murray argued that testimony should be allowed on the contracting parties' intention because the guaranteed sale agreement is ambiguous. It provides that if the house sells for more than the guaranteed price, the Murrays receive the additional payment less actual expenses, but it does not specify whether costs are deductible if the property sells for less.

The trial court found the guaranteed sale agreement ambiguous as written and after construing the contract found Harvey Hansen in breach and estopped from denying that it was limited to those expenses on the original expense sheet. The court awarded judgment to Murray for $7,800 and determined that Colleen Miller Murray, who no longer lives in Minnesota, was not an indispensable party to the action. Finally, the court found that Murray failed to meet his burden of proof in showing any breach of fiduciary duties or conduct justifying punitive damages.

### ISSUES

1. Did the trial court err in using extrinsic evidence to construe the contract because the parties' agreement was incomplete and ambiguous?

2. Did the trial court err in finding Harvey Hansen in breach for failing to limit expenses incurred to those agreed on by the parties?

3. Is Colleen Miller Murray an indispensable party under Minn.R.Civ.P. 19.02?

### ANALYSIS

#### I

The question of whether a contract is ambiguous is a question of law. *See Blattner v. Forster*, 322 N.W.2d 319, 321 (Minn.1982). If the terms of a written contract are ambiguous or incomplete, a court may resort to extrinsic evidence of intent to construe the contract. *See Republic National Life Insurance Co. v. Lorraine Realty Corp.*, 279 N.W.2d 349, 354 (Minn. 1979); *Flynn v. Sawyer*, 272 N.W.2d 904, 908 (Minn.1978).

The contract as written is both incomplete and ambiguous. The guaranteed sales agreement provides that actual costs of holding and sale are deductible if the property is resold in excess of the guaranteed price, but does not address whether or not costs may be deducted if the property is sold for less than the guaranteed price. The expense sheet creates an ambiguity because nothing in the parties' agreement specifies whether it is an exclusive list of authorized, fixed expenses or a list of estimated expenses that can be fixed at a later date. Both interpretations are equally plausible. In addition, the amounts on the various lists do not tally consistently, adding to the ambiguity. The trial court's finding of ambiguity is well supported, and its decision to consider extrinsic evidence of intent was proper.

#### II

The trial court construed the contract, based on extrinsic evidence, to mean that Harvey Hansen had authority to incur only those expenses itemized on the original expense sheet, and if those enumerated expenses were not actually incurred, that Harvey Hansen would remit to Murray the equivalent amount in cash.

The witnesses who testified on the issue of intent were present when the agreement was reached. Greg Murray testified vehemently that the items on the expense sheet were carefully and specifically negotiated and were fixed items, not examples of what might be charged. Although this testimo-

ny was disputed, even Harvey Hansen's agent, Melodie Wicking, acknowledged that the Murrays were told the list contained exact figures. The evidence supports the trial court's findings on the issue of intent and the purpose of the expense sheet.

The trial court found that Harvey Hansen did not incur the following expenses:

| | |
|---|---|
| FHA–VA points | $5,400 |
| Water pressure | $1,200 |
| Exterior repair | $ 700 |
| Kitchen repair | $ 500 |

The court determined that under the contract Harvey Hansen must remit to Murray $7,800, the cash equivalent of the authorized expenses not incurred. We accept the court's construction of the contract, but its determination of the expenses for which Murray was entitled to remittance was in error. Although the authorized repair expenses were not "paid out" by Harvey Hansen, they were, in effect, "incurred" because Harvey Hansen sold the house "as is" for a reduced price. Should Harvey Hansen remit cash to Murray for these expenses, it would, in effect, pay twice for them and would unjustly enrich Murray.

Harvey Hansen makes the argument that the house really sold for more than the guaranteed price because selling the house "as is" for a lower price is the equivalent of paying for the repairs and consequently receiving a higher price. Although we are unwilling to make Harvey Hansen in effect pay twice for these repair expenses, we would be altering the substance of the parties' agreement to reach the result for which Harvey Hansen argues.

Therefore, Harvey Hansen may not deduct from the escrow account the expenses it incurred that were not specified on the expense sheet portion of the contract. Harvey Hansen may, however, deduct the three "repair" expenses that were authorized but never directly incurred (for water pressure, exterior, and kitchen repair).

We affirm the trial court's award to Murray of $5,400, the amount improperly deducted for FHA–VA points. Under its reasoning, the trial court could have awarded Murray damages for other expenses incurred and deducted by Harvey Hansen but not authorized by the parties' original contract. However, Murray did not contest these damages in a motion for an amended judgment, nor did he raise this issue on appeal. We therefore limit our award to the amount improperly deducted for FHA–VA points.

The trial court's alternative, equitable basis for its determination—that Harvey Hansen is estopped from denying that it was limited to the expenses enumerated on the expense sheet—is unnecessary. Murray's legal, contractual remedy provides sufficient relief.

The trial court also found that Harvey Hansen breached no fiduciary duty to Murray and did not engage in conduct that would justify punitive damages. As the trial court correctly determined, the record does not contain sufficient evidence to support either claim. Therefore, we decline to impose punitive damages or make Harvey Hansen forfeit its commission on this sale.

### III

An indispensable party is one without whom the action could not proceed in equity and good conscience. Minn.R. Civ.P. 19.02. Various considerations must be balanced, and the decision turns on the facts of each case. *McAndrews v. Krause*, 245 Minn. 85, 94, 71 N.W.2d 153, 160 (1955). Although Colleen Miller Murray has an interest in this action that may be prejudiced if it proceeds in her absence, she no longer resides in Minnesota and is beyond this court's jurisdiction. Her absence, however, does not prevent this court from rendering an adequate judgment, and if the action does not proceed, Gregory Murray will have no remedy. It is not determinative that Harvey Hansen may be exposed to a later suit if this action is allowed to proceed. When a party who might otherwise be joined is beyond the jurisdiction of the court, it is "better that a defendant should be put to the danger and inconvenience of several suits than that a plaintiff should be deprived of a remedy." *Peck v. McLean,*

36 Minn. 228, 230, 30 N.W. 759, 760–61 (1886); *Rowland v. McLaughlin Brothers,* 110 Minn. 398, 400, 125 N.W. 1019 (1910). We need not dismiss this action for nonjoinder or preclude Gregory Murray from recovering the full judgment.

### DECISION

Murray is entitled to judgment in the amount of $5,400 together with interest and costs as set forth in the judgment of the trial court.

Affirmed as modified.