**In re ESTATE OF Lucile TAUTGES, Deceased.**

**No. C9–87–1560.**

Court of Appeals of Minnesota.

Feb. 2, 1988.

George M. Hoedeman, Hadlick, Hoedeman & Christy, Minneapolis, for respondent personal representative.

Ellen Dresselhuis, Minneapolis, for appellant Caroline Miller.

Considered and decided by WOZNIAK, C.J., and LANSING and NORTON, JJ., with oral argument waived.

## OPINION

WOZNIAK, Chief Judge.

Caroline T. Miller appeals from an order limiting her claim against the estate of Lucile Tautges. The trial court found damages as a result of waste and failure to pay taxes totaled $21,121, but only awarded Miller damages equaling her $\frac{5}{12}$ interest. We affirm.

## FACTS

Appellant Caroline Miller made a claim against the estate of Lucile Tautges for waste to certain real property, committed by the decedent Lucile Tautges, a life tenant of the property. Miller, one of three owners, has an undivided $\frac{5}{12}$ interest in the property.

The other two owners of the property live out of state, one residing in Alaska and one in Montana. Miller claims she is entitled to recover damages on behalf of the other owners even though they have not assigned their interest in the property or given authorization for Miller to proceed on their behalf. The other two owners' claims against the estate now are barred by the statute of limitations.

The trial court concluded decedent committed waste in the amount of $20,000 and failed to pay $1,121 of real estate taxes. The court awarded Miller $\frac{5}{12}$ of those sums. Miller appeals that determination and claims she is entitled to the full $21,121 on behalf of all of the property owners.

## ISSUE

May a co-owner of real property recover damages on behalf of the other owners of the property without an assignment of their interest or authorization to proceed on their behalf?

## ANALYSIS

The trial court did not allow Miller to recover 100% of the damages because Miller's co-owners did not assign their interests in the property, did not authorize Miller to proceed on their behalf, and did not join in the lawsuit.

Miller claims joinder of co-owners is unnecessary for full recovery in this case because the other owners of the property reside outside the court's jurisdiction. She cites two cases in support of her theory. In *Peck v. McLean*, 36 Minn. 228, 30 N.W. 759 (1886), the Minnesota Supreme Court allowed an exception to the general rule that co-owners of property must join in an action affecting the property. *Id.* at 230, 30 N.W. at 760. The court held co-owners of personal property were not indispensable parties to an action based on the property where "plaintiff's co-owners are out of the jurisdiction, and therefore cannot be brought in as defendants." *Id.* at 231, 30 N.W. at 761. However, the court did not rule that the plaintiff in such a situation

may recover on behalf of the other parties. In fact, the *Peck* court arguably held the opposite position; the court contemplated separate actions by each co-owner of the property by stating that "[i]t is better that a defendant should be put to the danger and inconvenience of *several suits* than that a plaintiff should be deprived of a remedy." *Id.* at 230, 30 N.W. at 760–61 (emphasis added). *Peck* is of no help to Miller.

In *Murray v. Harvey Hansen–Lake Nokomis, Inc.*, 360 N.W.2d 658 (Minn.Ct.App. 1985), this court permitted a plaintiff to recover the total damages incurred in an action against a real estate company arising out of the sale of jointly owned property. The plaintiff's estranged spouse, who was part owner of the property, was living out of state at the time of the action, and was therefore held not to be an indispensable party. *Id.* at 661.

*Murray* did not directly address the issue of whether one co-owner could recover on behalf of another in these situations. The issue raised in *Murray* was whether the action was precluded because the out-of-state co-owner was an indispensable party. *Id.* The *Murray* court quoted from *Peck*, finding it "better that a defendant should be put to the danger and inconvenience of several suits than that a plaintiff should be deprived of a remedy." *Id.* at 661–62 (quoting *Peck*, 36 Minn. at 230, 30 N.W. at 760–61). *Murray* does not require a result different from the language in *Peck*, which contemplates additional suits by the remaining co-owners for their share of the damages. Moreover, to allow full recovery in this case would mean Miller would be unjustly enriched.

### DECISION

The trial court's order is affirmed.

Affirmed.