ON REHEARING
PER CURIAM.
This appeal by Agnes Laird is from a summary judgment for the defendants Charlotte Vogel and Herman Cohen in an action brought by Agnes Laird for fraud and deceit, malicious prosecution and abuse of process.
The cause grew out of litigation over a tax deed. A tax sale was held on Agnes Laird’s property at which Charlotte Vogel was the successful bidder. Ms. Laird maintained that the tax sale was illegal and refused to remove her possessions from the property. Ms. Vogel was represented by her brother, Herman Cohen, who had formerly represented Agnes Laird. A tax deed was issued to Charlotte Vogel who, thereupon, brought an unlawful de-tainer action against Agnes Laird. Ms. Laird filed an answer claiming the invalidity of the tax deed and claiming disqualification of purchase by Charlotte Vogel upon the basis of Herman Cohen’s former representation of Ms. Laird. On May 11, 1973, the circuit judge entered a summary judgment by default against' Ms. Laird. On May 24th, the court issued an order giving Ms. Vogel immediate possession of the property and, pursuant thereto, entered a writ of assistance. While Ms. Laird’s motion was pending, Charlotte Vogel took possession of the property pursuant to her deed and with the help of the sheriff under the writ of assistance. Ms. Laird’s possessions were removed from the house and suffered damage as a result thereof. On *651 July 21, 1973, the circuit court rescinded the summary judgment and the order for possession which it had previously entered, and Ms. Laird was returned to her property. Thereafter, Ms. Laird started the court proceedings out of which the present appeal arose. She sued Charlotte Vogel and Herman Cohen for the damages caused by what she alleged to he an unlawful and fraudulent court proceeding. The trial judge entered a summary judgment against Ms. Laird holding that Charlotte Vogel and Herman Cohen had acted under a presumptively valid order and writ of possession, having previously secured a tax deed. We affirm. The law applicable to this cause is set out at 19 Fla.Jur. Judgments and Decrees § 253, where it is stated:
“A judgment or decree which is voidable, as being erroneous, is not a nullity. Until superseded, reversed, or vacated, it is valid, is binding everywhere, has all the attributes and consequences of a valid adjudication, and affords complete protection to one who acts in reliance upon the adjudication. Such an adjudication is conclusive, and is not subject to collateral attack.” (Emphasis added)
See the general rule in Bank of the United States v. Bank of Washington, 31 U.S. (6 Pet.) 8, 8 L.Ed. 299, 303 (1832); and State National Bank v. Ladd, 65 Okl. 14, 162 P. 684, 685 (1916). The law demands that we uphold actions authorized by an order of the court and taken under a presumptively valid tax deed. We so hold, even though it is clear that the actions taken here do not reflect credit upon Attorney Cohen in view of his prior representation of Ms. Laird and his apparent knowledge of the circumstances surrounding Ms. Laird’s property at the time of the tax sale.
Therefore, we hold that the trial court correctly found that Agnes Laird does not have an action against Charlotte Vogel and Herman Cohen for their actions in proceeding under a presumptively valid tax deed.
Affirmed.