[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10215

Non-Argument Calendar

_____

KENNETH MACE,

Plaintiff-Appellant,

versus

M&T BANK,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cv-00591-JLB-NPM

_____

Before WILLIAM PRYOR, Chief Judge, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Kenneth Mace appeals the summary judgment in favor of M&T Bank and against his amended complaint of negligence and unjust enrichment. Mace alleged that, during his successful appeal of a foreclosure sale and transfer of legal title to M&T, it allowed his property to fall into disrepair. The district court ruled that M&T was not liable for disrepair that occurred while it held title to the property, which was damaged by Mace's tenants and by vandals. Alternatively, the district court ruled that M&T was not negligent in maintaining the property when it was unoccupied and that the bank was not unjustly enriched while in possession of the property. We affirm.

In 2006, Mace obtained a $480,000 loan secured by a mortgage for 15250 Cemetery Road in Fort Myers, Florida. After Mace defaulted on the loan, M&T, as successor to the loan agreement, initiated foreclosure proceedings.

In July 2016, M&T obtained a final judgment in its favor. The bank promptly began regular inspections and maintenance of the property. Mace, who had tenants on the property, moved to cancel the judgment and stay the foreclosure sale. On August 26, 2016, M&T bought Mace's property at a foreclosure sale. On

September 7, 2016, M&T received a certificate of title to the property and immediately registered the certificate.

M&T did not remove tenants from the property because of the disputed ownership. Inspections in July and August of 2016 revealed that the property was occupied, secured, and in good condition with the yard being maintained. On May 9, 2017, M&T learned that the property was vacant, and the following day the bank had the grass cut and the house secured. In June 2017, M&T learned that the interior of the house was in fair condition, had its locks rekeyed, its plumbing prepared for the winter, and a refrigerator in bad condition removed. Later, M&T paid contractors to remove debris in the yard, including storm damage to trees on the property.

In the fall of 2018, M&T learned of squatters on the property and posted notice of its ownership. On November 28, 2018, M&T recorded that Mace reported he was renting the property, and after a deputy spoke with a resident who produced what appeared to be a legitimate lease, M&T suspended its lawn maintenance service.

In May 2019, the property was vacant, unsecured, and not maintained. M&T had the doors rekeyed, removed personalty, and cleaned up the property. In late June, the property was occupied and the lock set had been changed. As of October 31, 2019, the property was still occupied and maintained.

On February 12, 2020, because the property was vacant and secured, M&T had doors rekeyed and requested an inspection. On

February 28, 2020, M&T received notice of a code violation, and it learned in early March that 13 people had been living on the property, which had been damaged and its electricity tapped. The City declared the property unsafe, but M&T requested bids to have the property repaired, had its demolition postponed, continued its cleanup, and deferred its inspection until mid-April.

On March 25, 2020, a Florida appellate court reversed the judgment in favor of M&T on the ground it failed to prove it mailed the Maces a default notice 30 days before filing suit for foreclosure. *Mace v. M&T Bank*, 292 So. 3d 1215 (Fla. Dist. Ct. App. 2020). On April 6, 2020, M&T received notice of the judgment. On April 21, 2020, and May 26, 2020, the state court entered orders vacating its judgment of forfeiture, the foreclosure sale, and the certificate of title to M&T.

Mace filed a complaint against M&T in a state court for negligence, unjust enrichment, conversion, and malicious prosecution. M&T removed the action to federal court, 28 U.S.C. § 1332, and then moved to dismiss the complaint. The district court denied the motion to dismiss Mace's claims of negligence and unjust enrichment, granted the motion to dismiss Mace's claim of malicious prosecution, and gave Mace leave to file an amended complaint. Mace voluntarily dismissed his claim of conversion. The district court dismissed Mace's claim of malicious prosecution after he failed to amend his complaint.

After discovery, M&T moved for summary judgment, which the district court granted. The district court ruled the "state

court judgment and certificate of title [held by M&T] constitute[d] a defense to Mr. Mace's negligence [and unjust enrichment] claim[s]." Alternatively, "as to negligence, [the district court ruled that] Mr. Mace [had] not established any duty that was breached and M&T [was] not liable for the intervening acts of third parties." "[A]s for the unjust enrichment claim, [the district court ruled that] any benefit relating to ownership of the property [had] been returned to Mr. Mace, and he [had] not identified any other benefit conferred to M&T."

The district court did not err by entering summary judgment in favor of M&T, which we review *de novo, Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1334 (11th Cir. 2012). Mace never disputed that M&T had presumptive legal title to the property during the time that Mace alleged M&T had been negligent and unjustly enriched. In Florida, possession of a presumptively valid title to property serves as a complete defense to liability for damages related to the property. *Laird v. Vogel*, 334 So. 2d 650, 651 (Fla. Dist. Ct. App. 1976). And a judgment, though voidable because of an error that later results in its vacatur, is valid until it is vacated. *Id.* In *Laird*, the court held that a homeowner did "not have an action against [her attorney and a tax sale purchaser] for [evicting the homeowner and removing her possessions from the house because the purchaser was] . . . proceeding under a presumptively valid tax deed." *Id.* at 650–61. We see no distinction between Mace, who successfully challenged the foreclosure on and sale of his property, and the homeowner in *Laird*, who prevailed on her argument that

the tax sale of her home was illegal. Although Mace did not demand restitution, he nonetheless had the property returned to him. *See Sundie v. Haren*, 253 So. 2d 857, 858 (Fla. 1971) ("A party against whom an erroneous judgment has been made is entitled upon reversal to have his property restored to him by his adversary."). M&T was "entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).

We **AFFIRM** the summary judgment in favor of M&T Bank.